ALCORN, COLLECTOR OF CHICOT COUNTY, *v.* THE BLISS-COOK OAK COMPANY.

Opinion delivered February 25, 1918.

1. LEVEE DISTRICTS—ASSESSMENT OF BENEFITS—LEGISLATIVE ACT.— Where the Legislature has fixed the amount of assessments which may be levied upon the lands benefited by a levee, its finding is

conclusive of the amount, unless an arbitrary and manifest abuse of power is shown.

2. IMPROVEMENT DISTRICTS—BASIS OF ASSESSMENTS.—Where the value of lands within a district will be increased by an improvement, local assessments should be made on the basis of benefits.

3. LEVEE DISTRICTS—LEVY OF ASSESSMENTS—ACREAGE.—The Legislature may levy assessments against lands included in a levee district according to acreage.

4. LEVEE DISTRICTS—SECTION OF LEVEE OUTSIDE DISTRICT.—The Legislature may provide for the filling in a gap in a levee a short distance outside the district, where the same is necessary to make the levee efficient and of any value.

5. IMPROVEMENT DISTRICTS—ASSESSMENTS—REVIEW OF LEGISLATIVE DETERMINATION OR ACTS OF BOARD.—The Legislature may act directly in determining the amount of benefits to the lands in an improvement district, or it may empower a board to act for it; the courts will not review the acts of either for mere mistakes of judgment. The courts will review only arbitrary determinations.

Appeal from Chicot Chancery Court; *Z. T. Wood,* Chancellor; reversed.

*James R. Yerger* and *W. G. Streett,* for appellants; *O. C. Burnside,* of counsel.

1. The demurrers should have been sustained and the complaint dismissed. Act No. 116, Acts 1915, expressly repealed all prior acts and became the sole law of this case. This act fixes the area and boundaries of the district, the lands to be taxed, and determines the benefits to the extent of ten cents per acre. It is a plain legislative determination of the benefits to the lands and is conclusive. The act is clearly within the power of the Legislature. 77 Ark. 383; 81 *Id.* 562; 83 *Id.* 344; 97 *Id.* 322; 98 *Id.* 113; 100 *Id.* 366; 103 *Id.* 127; 108 *Id.* 419. There is no arbitrary or manifest abuse of power and the act is conclusive.

2. Plaintiff's lands are benefited equally with the other lands of the district. The Legislature has found that all lands in the district are benefited ten cents per acre and the courts can not review this finding. 100 Ark. 366; 8 Am. Rep. 480; 3 *Id.* 309; 66 S. W. 182; 129 Ill. 399; 181 U. S. 394; Hamilton's Law of Special Assessments, 176.

3. If other lands were benefited more or to a greater extent than ten cents, appellees can not complain. 43 La. Ann. 337; 81 Ark. 565; 100 *Id.* 366; 108 *Id.* 419.

*G. E. Snell* and *J. C. Gillison,* for appellees.

1. The assessment is arbitrary, illegal and void. The board has misappropriated and unlawfully expended funds in attempting to build levees without the district. The act is not a legislative determination of benefits to accrue to lands in the district.

2. The findings of the chancellor are not clearly against the clear preponderance of the evidence. 71 Ark. 605; 68 *Id.* 314; *Ib.* 134; 72 *Id.* 67; 73 *Id.* 489; 67 *Id.* 200.

HART, J. This suit was instituted in the chancery court by the Bliss-Cook Oak Company and other owners of land in Chicot County against R. E. Alcorn, as collector of taxes for said county and the board of levee inspectors of Chicot County, Arkansas. The object of the suit was to enjoin the collector from collecting the levee taxes extended against said lands on the tax books in the year 1915, for the taxes of 1916, and to prevent the levee inspectors from extending levee taxes for any other years. The chancellor granted the relief prayed for and the case is here on appeal.

A levee district comprising in its boundaries all the alluvial lands of Chicot County has existed under various acts of the Arkansas Legislatures since 1857. The act of 1883, creating the board of levee inspectors of Chicot County provided that a tax not exceeding 2 per cent. of the assessed value thereof might be levied and collected in said county annually on all alluvial lands therein for levee purposes. Acts of 1883, page 163. The Legislature of 1915 passed an act to provide for building and repairing levees in Chicot County and the act was declared to be the sole law on the subject. Acts of 1915, page 423. Section 15 reads as follows:

"There shall be levied and collected in said county annually on all lands therein that are now or would be benefited by levees, and on all lands in said county on

which levee taxes have been levied and collected for the past five years, and which are now and which shall become taxable for the State revenue, a levee tax not exceeding ten cents per acre upon each and every acre of said land, except such lands as are included within the limits of any town. There shall be levied and collected annually in said county on all lands in the limits of any town benefited by levees which are not subject to levee tax, and have been paying levee tax for the past five years or shall become taxable for State revenue a levee tax not exceeding one per centum on the assessed value therof.''

Section 16 provides that the board of levee inspectors at the regular October meeting shall determine the amount of taxes to be levied.

Section 17 provides that taxes when levied shall constitute a lien and shall be collected in the same manner as taxes for State and county purposes.

At its October meeting in 1915, the board levied the maximum of ten cents per acre upon each acre of land in said district and $150 per mile on the right-of-ways of railroads. The levies were duly certified as required by the act and extended upon the tax books against the land.

The lands owned by the plaintiffs all overflowed, but they were principally timber or cut-over lands and were not nearly so valuable as the cultivated lands situated within the boundaries of the levee district. There was testimony tending to show that the lands owned by the plaintiffs did not receive nearly so much benefit from the levee within the district as were received by the other lands in the district. Some of the witnesses for the plaintiffs also testified that before the levees were constructed along the Arkansas and Mississippi rivers their lands did not overflow but that since the construction of the levees, their lands had become subject to the overflows from those rivers. The president of the levee board testified that the board considered that each and every acre of land in Chicot County received a greater benefit than ten cents per acre. That it was necessary to levy the maximum of ten cents per acre in order to raise sufficient revenue

to carry on the levee construction. The levees were constructed for the purpose of protecting the lands within the boundaries of the district, but it was shown that a part of the levee was situated outside of the boundaries of the district and that so much of the taxes collected from the lands within the district as was necessary was expended in constructing that part of the levee which was situated outside the district.

The chancellor found as a fact that the lands of plaintiffs involved herein were benefited to some extent by the levees mentioned in the act involved but that the board appointed by the Legislature made an illegal and arbitrary assessment of the property involved herein and one not in accordance with the benefits received.

There was testimony tending to support the finding of the chancellor that the lands of the plaintiffs were benefited to some extent by the construction of the levees. There was also testimony to the effect that the lands of the plaintiffs did not derive as much benefit from the construction of the levees as the other lands within the district, but we need not consider in detail the testimony on this point.

Under section 15 of the act it was provided that the board might levy a tax not exceeding ten cents per acre upon each and every acre of land except such lands as are included within the limits of any town. Acting under the power conferred by this section, the board levied a rate of ten cents per acre upon every acre of land situated outside of the limits of the towns, regardless of the fact of whether or not the land was in cultivation.

(1) Where the Legislature has fixed the amount of assessments which may be levied upon the lands benefited by a levee, its finding is conclusive of the amount unless an arbitrary and manifest abuse of power is shown. *Salmon* v. *Board of Directors of Long Prairie Levee District*, 100 Ark. 366; *Board of Directors of Crawford County Levee District* v. *Crawford County Bank*, 108 Ark. 419, and cases cited.

In the first mentioned case the statute creating the levee district provided for annual assessments not exceeding 8 per cent. of the valuation of the lands, such rate to be determined at a meeting of the board on the third Tuesday in May each year.  For the year 1907 the board on the day named levied an assessment at the maximum rate, and it was held that it had authority to do so.  The court held that mere mistakes of the law makers or those empowered by the law makers to make assessments, in fixing the amount or rate of assessments, will not be reviewed or corrected by the courts.  Recognizing that in the construction of levees it may cost as much to protect one acre of land from overflow as it does another, apportionment by the acre as a basis for an assessment has frequently been adopted in levee cases.  Cooley on Taxation (3 ed.), vol. 2, p. 1226; Hamilton on Law of Special Assessments, § 229; *Wallace* v. *Shelton et al., Levee Commissioners,* 14 La. Ann. 498; *Daily* v. *Swope,* 47 Miss. 367, and *Egyptian Levee Company* v. *Hardin,* 27 Mo. 495.

(2-3)  It was doubtless recognized that the lands in the district varied in value and that some of them should be rated at a much higher value than others.  All the authorities establish the proposition that local assessments whereby the value of land within a district will be increased should be made on the basis of benefits.  In the present case to reach this result, the Legislature determined to impose a specific tax upon the acreage.  If the construction of the levee increases the value of the different classes of lands within the district proportionately, there is no injustice.  In this way the burden will be distributed in proportion to the benefits.  It is impossible to foresee exactly how a proposed tax will fall.  The object is that the burden should be distributed as near as may be in proportion to the benefits derived, and for that reason the Legislature is entrusted with the entire control of the subject.

(4)  Complaint is made that a part of the levees are being constructed outside of Chicot County.  The record shows that Cypress creek flows into the Mississippi river,

and that there is a gap which is necessary to be filled across it to other levees in order to keep out the back water from the Arkansas and Mississippi rivers. This gap is outside of Chicot County. Work has been performed toward the accomplishment of filling in this gap for the past ten years by the board of inspectors of the Chicot Levee District as well as by other levee districts interested in having the gap closed. Looking to the end of diverting the water of Cypress creek, a drainage district has been formed of the land owners of both Desha and Chicot counties. It was shown that contracts had been let for the closure of the Cypress creek gap, and the president of the levee district testified that when the work is completed it will shut the water, which backs up from the Arkansas and Mississippi rivers, up Cypress creek and out of this levee district except as to any crevasses that might occur before the entire line is brought up to final grade. That the system of levees when completed will afford protection from overflow to all the lands in Chicot County alike. The closure of the Cypress creek gap is a part of the construction of the levee system created by the act of the Legislature of 1915, above referred to.

It follows that the court erred in granting the permanent injunction prayed for in the complaint filed by the land owners. For that error, the decree will be reversed and the cause remanded with directions to the chancellor to dismiss the complaint for want of equity.

It is so ordered.

HART, J., (on rehearing). Counsel have joined in a request for the court to pass upon the question of whether or not the levee board is entitled to recover the penalties imposed by statute upon property owners not paying taxes.

It is insisted by counsel for the property owners that the act under which the taxes were levied makes no provision for the taxpayers' "day in court." The statute is not invalid on the ground that the assessments for the cost of the construction of the levee are made without notice

to the land owners.  Section 16 of the act provides that it shall be the duty of the board of levee inspectors at the regular October meeting to fix or determine the rate or percentage of the tax necessary to be levied for the year then current.  The section further provides that it is the duty of the board at its meeting in October to hear and determine all questions as to whether or not any given tracts of land are legally taxable for levee purposes under the act, and that all corrections or changes made in the list of lands shall be certified to the county court at the time the rate is certified to it.  Acts 1915, pp. 432 and 433.

Section 4 of the act provides that the board shall meet at the courthouse on the first Mondays in February, June and October of each year.  So it will be seen that by the terms of the act itself notice is given to the land owner of the time and place where the board will meet and make the assessments and an opportunity is given the land owner to be heard with reference to his assessment, and the board is empowered to change his assessment if the facts presented warrant such action.

(5)  The Legislature may act directly in determining the amount of benefits to the lands in the district, or it may empower a board to act for it.  In either event the court will not review the action of the Legislature or the board appointed by it for mere mistakes of judgment.  The legislative determination is not entirely beyond judicial review where there is an attempt arbitrarily to levy assessments on property regardless of benefits, or where it is shown that no benefit can possibly accrue from the improvement to the property sought to be taxed.  In other words, it is only an arbitrary determination of the law makers, in this respect, that the courts will review.

In addition to the authorities cited in our original opinion, see *Sudberry* v. *Graves*, 83 Ark. 344, and *Moore* v. *Board of Directors of Long Prairie District*, 98 Ark. 113, and cases cited.

It follows that the lands are subject to the penalties provided by statute for the nonpayment of taxes.