PREWITT v. LADD.

Opinion delivered November 3, 1919.

1. ROADS AND ROAD DISTRICTS—PROVISION FOR MAINTENANCE.—A public road may be maintained and the expense thereof paid for by local assessments, and so an assessment may be levied for the repairs and maintenance of public roads.

2. SAME—SAME.—Section 7 of act 69 of 1919, providing for the maintenance of a road already constructed, *held* valid.

Appeal from Lincoln Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*E. W. Brockman,* for appellant.

The act is unconstitutional and void because it undertakes to fix the benefits to accrue from the contemplated maintenance of the road at a per cent. of the as-

sessments fixed by the assessors and because it neither definitely fixed the benefits nor left the commissioners free to do so. The section 7 is vague and indefinite. The Legislature exceeded its powers in the act.

*Danaher & Danaher,* for appellee.

The act is constitutional and the Legislature had the right to determine the benefits would be proportionate. 96 Ark. 410. The decree is correct and should be affirmed.

HART, J. P. H. Prewitt brought this suit in equity against E. P. Ladd, T. S. Lovett and H. D. Palmer, commissioners of Maintenance District No. 1 of Lincoln County, Arkansas, to enjoin them from assessing benefits on his lands under an act passed by the Legislature of 1919 for the maintenance of a public road in Lincoln County, Arkansas, on the ground that the act is unconstitutional. The plaintiff is the owner of lands within the district and alleges that, unless restrained from doing so, defendants will proceed to make assessments which will become liens upon his lands and proceed to collect the same.

The court sustained a demurrer to the complaint and, the plaintiff declining to plead further, his complaint was dismissed for want of equity. The plaintiff has appealed.

The act complained of is No. 69, and was passed at the regular session of 1919. An improvement district had been originally formed to build a road, and after the road had been constructed the act in question was passed for the purpose of maintaining it. The section which it is claimed is unconstitutional is section 7, and reads as follows: "At their first meeting after the passage of this act, the commissioners shall determine what repairs will be necessary to the roads, culverts and bridges constructed or improved by the original district to put them in a good state of repair, and shall make plans for the making of such repairs, subject to the approval of the county court; and, when said plans have been made, the commissioners

shall ascertain the benefits that will be derived by the several tracts of land in the district from the making of said repairs and shall equalize the same by fixing such a per cent of the original assessment of benefits as will represent the benefits that will be realized by the lands of the district from the making of said repairs, and shall enter in a book, which they shall provide for this purpose, the assessment of benefits against the several tracts of land in the district which will be realized from the carrying out of their plans to place the roads, culverts and bridges in a good state of repair, and they shall provide that said assessment of benefits shall be paid in such annual installments as they shall designate. The provisions of this section shall apply to the first repairs made by said district after the passage of this act."

(1) We do not think the section in question renders the act unconstitutional. This court has held in several cases that the same land may be included in several improvement districts. *Harrison* v. *Abington, ante,* p. 115, and cases cited. In accordance with the principles laid down in these cases, a public road may be maintained and the expense thereof paid for by local assessments, and so an assessment may be levied for the repair and maintenance of public roads. Assessments for local improvements are justified upon the theory that the lands upon which they are laid are especially benefited by such improvements and for that reason ought to bear the burden rather than property generally. The theory is that the property subject to the special assessments will be enhanced in value by such improvements to the extent of the benefit imposed. A separate improvement district has already been organized for the purpose of constructing the road in question in this case and an assessment of benefits has been made thereunder. There is no allegation in the complaint that the assessment of benefits so made is arbitrary, unreasonable or oppressive.

(2) In the case at bar another improvement district was organized for the purpose of maintaing a public road which had already been constructed under a separate im-

provement district. The law-makers recognizing that it would not cost as much to maintain the road as it did to construct it in the first instance, and that the benefits to be derived from the maintenance of the road would be in proportion to the benefits which accrued to the lands in building the road, enacted the section under consideration. The plain meaning of the section, when read from its four corners, is that each tract will be benefited by the maintenance proportionately to the benefits derived from the construction of the road in the first instance. This was a valid exercise of legislative power. See *Shibley* v. *Fort Smith & Van Buren Dist.*, 96 Ark. 410, and *Alcorn, Collector,* v. *Bliss-Cook Oak Co.*, 133 Ark. 118.

The decree will therefore be affirmed.