ALLEN R. RICHARDSON, *Appellant*, v. CARY A. HARDEE, GOVERNOR, ERNEST AMOS, COMPTROLLER, J. C. LUNING, STATE TREASURER, RIVERS BUFORD, ATTORNEY GENERAL, AND W. A. McRAE, COMMISSIONER OF AGRICULTURE, OF AND COMPOSING THE BOARD OF COMMISSIONERS OF EVER-GLADES DRAINAGE DISTRICT OF FLORIDA, AND JAMES M. OWENS, TAX ASSESSOR OF PALM BEACH COUNTY, FLOR-IDA, AND ALVIN B. CROW, TAX COLLECTOR OF PALM BEACH COUNTY, FLORIDA, *Appellees*.

Opinion Filed June 11, 1923.

1. The State constitution is a limitation upon power and the courts have no authority to pronounce invalid a duly enacted statute on the ground that it violates organic law unless it appears beyond all reasonable doubt that under any rational view that may be taken it is in positive conflict with some identified or designated provision of the constitution.

2. The constitution contains no express provision upon the subject of the formation of taxing districts for particular purposes nor for special assessments for local improvements by such districts.

3. "A state may, in its discretion, lay assessments for public work in proportion either to position, frontage, area, market value or estimated benefits; and, unless the exaction is a flagrant abuse of power, it does not amount to deprivation of property

without due process of law." Houck v. Little River District, 239 U. S. 254.

4. A statute imposing a tax upon property, real and personal, within a drainage district for the purpose of raising funds to be used for maintenance, repairs, up-keep, and other necessary purposes of the enterprise, will not be held invalid when challenged upon the ground that the assessment is laid upon an ad valorem basis.

5. Since it cannot be said that personal property located within a drainage district is not enhanced in value by the improvement, a drainage tax will not be held invalid when challenged upon the ground that the tax is imposed upon personal as well as real property within the district.

6. Where a state, by legislative enactment, has fixed the amount of assessment upon property which may be benefited by drainage, its determination is conclusive of the amount in the absence of a showing of arbitrary and manifest abuse of power.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Affirmed.

*Marvin C. McIntosh,* for Appellant;

*Glenn Terrell,* for Appellees.

WEST, J.—This is a tax-payer's suit challenging the validity of Chapter 8412, Acts of 1921, Laws of Florida, the material portions of which are, for convenient reference, inserted here:

"Section 1. That there is hereby levied and assessed on all real, personal and mixed property in the Everglades

Drainage District of Florida, including the lands held by the Trustees of the Internal Improvement Fund for the State of Florida, annually, beginning with and including the year 1921 a tax of one mill on each one dollar of valuation, and the said tax to be known as a maintenance tax and shall be used for maintenance, repairs, upkeep, and any other general or necessary purpose of the District.

"Sec. 2.   The basis for valuation for the assessment as herein provided shall be the same as the valuation of the said property for State and County taxes, and the lands held by the Trustees of the Internal Improvement Fund for the State are hereby assessed at an amount equal to other lands in the same vicinity, which amount the Trustees of the Internal Improvement Fund are required to ascertain and certify the same to the Board of Commissioners of Everglades Drainage District, who, in turn, shall certify the same to the Tax Assessors of the Counties in which said Drainage District may lie respectively.   Such lists shall be certified to the Tax Assessors at the same time and in the same manner, as near as may be, that land lists are now certified under· the provisions of Section 1167 of the Revised General Statutes of Florida.

"Sec. 3.   It shall be the duty of the Tax Assessor of each of the several counties embraced in whole or in part within said District to receive such certified valuations of State lands which they shall enter upon the Tax Roll of their respective counties, and which valuation shall be the basis of the benefit assessment as provided for in this Act.   In all other respects the law governing the assessment, collection and sale of lands for the non-payment of Everglades Drainage District taxes shall be and is hereby made applicable to the benefit tax as herein provided for."

The complainant, according to the allegations of the bill, owns property, both real and personal, within the

Everglades Drainage District which is subject to the assessment and liable for the tax imposed by the statute. The bill was demurred to; the demurrer upon a hearing was sustained, to which ruling there was an exception and by appeal the order is here for review.

The validity of this statute is assailed upon various grounds, but practically every question presented has been considered and decided by this Court in other suits contesting the validity of the original and amendatory acts creating the Everglades Drainage District, Chap. 6456, Acts of 1913; Chap. 6957, Acts of 1915; Chap. 7862, Acts of 1919; Chap. 8413, Acts of 1921; (Secs. 1160 et seq. Rev. Gen. Stat.); and the "Model Drainage Act," Chap. 5377, Acts of 1913, Laws of Florida. Berry v. Hardee, 83 Fla. 531, 91 South. Rep. 685; Everglades Sugar & Land Co. v. Bryan, 81 Fla. 75, 87 South. Rep. 68; Bannerman v. Catts, 80 Fla. 170, 85 South. Rep. 336; Bryan v. Dade Muck Land Co., 75 Fla. 330, 78 South. Rep. 349; Lainhart v. Catts, 73 Fla. 735, 75 South. Rep. 47.

The question involved and presented in this suit not heretofore decided is whether it is within the power of the State to impose taxes, in the nature of special assessments, for local improvements according to the value of the property affected or upon an ad valorem basis.

The State constitution is a limitation upon power and the Courts have no authority to pronounce invalid a duly enacted statute on the ground that it violates organic law unless it appears beyond all reasonable doubt that under any rational view that may be taken it is in positive conflict with some identified or designated provision of the constitution. Lainhart v. Catts, supra; City of Jacksonville v. Bowden, 67 Fla. 181, 64 South. Rep. 769; State ex rel. v. Bryan, 50 Fla. 293, 39 South. Rep. 929. The con-

stitution contains no express provision upon the subject of the formation of taxing districts for particular purposes nor for special assessments for local improvements by such districts. Anderson v. Ocala, 83 Fla. 344, 91 South. Rep. 182; Stewart v. DeLand-Lake Helen, etc., Dist., 71 Fla. 158, 71 South. Rep. 42. In Houck v. Little River District, 239 U. S. 254, the Court considered the validity of a State Statute imposing a tax levied generally upon lands within a drainage district for the purpose of paying preliminary expenses of such district. Speaking through Mr. Justice Hughes, the Court said: ''In the nature of this enterprise it is obvious that, so far as the Federal Constitution is concerned, the State might have defrayed the entire expense out of State funds raised by general taxation or it could have apportioned the burden among the counties in which the lands were situated and the improvements were to be made. County of Mobile v. Kimball, 102 U. S. 691, 703, 704. It was equally within the power of the State to create tax districts to meet the authorized outlays. The legislature, unless restricted by the state constitution, can create such districts directly, or, as in this case, it may provide for their institution through a proceeding in the courts in which the parties interested are cited to appear and present their objections, if any. The propriety of a delegation of this sort was a question for the State alone. And with respect to districts thus formed, whether by the legislature directly or in an appropriate proceeding under its authority, the legislature may itself fix the basis of taxation or assessment, that is, it may define the apportionment of the burden, and its action cannot be assailed under the Fourteenth Amendment unless it is palpably arbitrary and a plain abuse. These principles have been established by repeated decisions. The power of segregation for taxing purposes has every-day illustration

in the experiences of local communities, the members of which, by reason of their membership, or the owners of property within the bounds of the political subdivision, are compelled to bear the burdens both of the successes and of the failures of local administration. When local improvements may be deemed to result in special benefits, a further classification may be made and special assessments imposed accordingly, but even in such case there is no requirement of the Federal Constitution that for every payment there must be an equal benefit. The State in its discretion may lay such assessments in proportion to position, frontage, area, market value, or to benefits estimated by commissioners.

That decision is authority for holding that the statute under consideration is not so "palpably arbitrary" as to be obnoxious to the due process or equal protection of the law provision of the Fourteenth Amendment of the Federal Constitution. If the entire expense of the enterprise with which the statute under consideration in that case dealt, which is identical in purpose with the enterprise with which the legislation here under consideration has to do, might have been defrayed out of the State funds raised by general taxation or from special assessments imposed upon the basis of market value, this statute, having for its object the maintenance and up-keep of the improvement and perpetuation of the enterprise from a tax levied upon property within the district upon an ad valorem basis, is clearly within the power of the State. This conclusion is in accord with the holding of many other jurisdictions. Valley Farms Co. v. County of Westchester (N. Y.) Sup. Ct. U. S., Feb. 19, 1923; Houck v. Little River District, *supra*; Webster v. Fargo, 181 U. S. 394, 21 Sup. Ct. Rep. 623, 45 L. Ed. 912; Fallbrook Irrigation District v. Bradley, 164 U. S. 112, at p. 176, 17 Sup. Ct. Rep. 56,

41 L. Ed. 369; Dallas County Levee District v. Looney (Tex.) 207 S. W. Rep. 310; Dorsey, etc. v. Board of Directors, 136 Ark. 524, 203 S. W. Rep. 33; St. Louis, etc. Ry. Co. v. Board of Directors, 81 Ark. 562, 99 S. W. Rep. 843; Board of Comm'rs v. Harrell, 147 Ind. 500, 46 N. E. Rep. 124; Gilmore v. Hentig, 33 Kan. 156, 5 Pac. Rep. 781. It is likewise true that if the expense of a drainage project may be defrayed out of funds raised by *general taxation*, as was held in the Little River Drainage District case, there can be no valid objection to a statute imposing a tax upon the property, real and personal, within the district benefited, for the purpose of raising funds to be used for maintenance, repair and upkeep and other necessary purposes of the enterprise, upon the ground that the assessment is laid upon an ad valorem basis.

The principle being established that the assessment may be laid on the property within the district upon an ad valorem basis, the question of ascertaining the measure of special benefits resulting from the improvement and the property to which it extends and the apportionment of the tax, is one for legislative determination, and when the legislature determines this question in a case within its general power, its decision is not subject to review by the Courts in the absence of a showing of an arbitrary and manifest abuse of power. Lainhart v. Catts, *supra;* Hagar v. Reclamation Dist., 111 U. S. 701, 4 Sup. Ct. Rep. 663; Spencer v. Merchant, 125 U. S. 345, 8 Sup. Ct. Rep. 921; Houck v. Little River Dist., *supra*; Dorsey, etc., Co. v. Board of Directors, *supra*; Alcorn v. Bliss-Cook Oak Co., 133 Ark. 118, 201 S. W. Rep. 797; Moore v. Board of Directors, 81 Ark. 116, 135 S. W. Rep. 819.

The order appealed from is affirmed.

TAYLOR, C. J., AND WHITFIELD AND ELLIS, JJ., concur.

BROWNE, J., concurs in the conclusion.