L. O. Hansen, as Tax Assessor of Broward County, v. State, *ex rel.* Board of Commissioners of the Florida Inland Navigation District.

179 So. 692.
Division B.
Opinion Filed March 4, 1938.

*Jesse Grantham, W. G. Miller* and *Rogers, Morris & Griffis,* for Plaintiff in Error;

*Alfred A. Green* and *L. N. Green,* for Defendant in Error.

Chapman, J.—Pursuant to Sections 11 and 12 of Chapter 14723, Acts of 1931, the Board of Commissioners of the Florida Inland Navigation District adopted the following resolution:

"Resolution for Levying Tax for Year 1935.

"Be It Resolved by the Board of Commissioners of Florida Inland Navigation District, a special taxing District

under the laws of the State of Florida, in regular meeting assembled at Jacksonville, Florida, this 26th day of June, A. D. 1935, as follows:

"1. The said Board of Commissioners of said Florida Inland Navigation District do hereby determine, assess and levy a tax of one and one-half (1½) mills on the dollar upon the taxable property in said Florida Inland Navigation District for the year A. D. 1935, for the following purposes of the District: (a) A tax of one-half mill on the dollar to be used by said Commission for all expenses including the purchase price of right-of-way and other property. (b) A tax of one (1) mill on the dollar to provide funds with which to pay the interest and provide and maintain a sinking fund for the payment of the interest and principal upon all issued and outstanding bonds of the district.

"2. That a certified copy of this resolution executed in the name of the Board of Commissioners of said District by its Chairman, and attested by its Secretary, under its corporate seal, shall be made and delivered to the Board of County Commissioners of each and every County in said Florida Inland Navigation District, and to the Comptroller of the State of Florida, with the request that said tax levy of one and one-half (1½) mills be included in the tax levy to be made by each thereof for the year 1935, as provided by law, and with the further request that each of said Boards of Commissioners order the Assessor of their respective County to assess and the Collector of their respective County to collect, the tax at the rate fixed by said Resolution of the Board of Commissioners of the Florida Inland Navigation District, viz.: one and one-half (1½) mills, upon all of the real and personal taxable property in each said respective County for the year 1935, as provided by the Statutes and Laws of the State of Florida applicable thereto.

"DONE AND ORDERED in open meeting, this 29th day of June, A. D. 1935, eleven members of the Board of Commissioners of said District being present.'"

On October 8, 1936, Honorable George W. Tedder, Judge of the Circuit Court of Broward County, Florida, awarded a peremptory writ of mandamus commanding as follows:

"These are therefore to command you, L. O. Hansen, as Tax Assessor of Broward County, Florida, immediately to assess a tax at the rate of one-half (½) mill on the dollar to be used by relator for all expenses including the purchase price of right-of-way and other property, and, also, a tax of one mill on the dollar to provide funds with which to pay the interest and to provide and maintain a sinking fund for the payment of the interest and principal upon all issued and outstanding bonds of the District, as fixed by the resolution of June 26, 1935, of the Board of Commissioners of Florida Inland Navigation District, upon all taxable real property in Broward County, Florida, upon which said tax was omitted in the year A. D. 1935, in addition to the assessment of such property for the current year A. D. 1936, such assessment to be made separately for such year A. D. 1935, at and upon the basis of valuation applied to such property for the year A. D. 1935, noting distinctly the year when said property escaped taxation, so that such assessment shall have the same force and effect that it would have had had it been in the year in which such property escaped taxation, to-wit: A. D. 1935; provided, however, that in making such assessment you shall not assess any lot or parcel of land certified or sold to the State for any previous years unless such lot or parcel of lands so certified or sold shall be included in the list furnished by the State Comptroller to you as provided by law."

From the said final judgment a writ of error was ob-

tained, supersedeas perfected, and the action is here for review on a number of assignments of error.

It is contended by counsel for Plaintiff in error that the Florida Inland Navigation District has no power under Sections 925 and 926 C. G. L. 1927, to levy the tax described in the resolution. We fail to see or understand how Sections 925 and 926, *supra,* have any application to the case at bar. The power or authority of the Commissioners to assess or levy a tax is under Chapter 14723, Acts of 1931. Section 12 thereof requires the Commissioners, not later than July 15th of *each* year, by resolution, to determine the millage to be levied upon the taxable property of the District. Copies of the resolution so adopted by the Commissioners are required to be transmitted to the Boards of County Commissioners of each county of the District. The Board of County Commissioners of each county of the District is required to order the Assessor to assess the tax at the rate or amount fixed by the Board of Commissioners of the Navigation District and the levy shall be upon all real and personal property in each county of the District and the levy as made shall be included in the warrant of the Tax Assessor of each county of the District and attached to the assessment roll of taxes for each county. It then becomes the duty of the Tax Collector thereof to collect the amount of said levy as described in the resolution. The sole power for the assessment and collection of the taxes comes from Chapter 14723, *supra.* The Boards of County Commissioners, Assessors and Collectors, of the respective counties, of the Drainage District have no discretion or authority, but it becomes their duty to follow each and every the requirements of Chapter 14723, *supra.*

The Boards of County Commissioners, Assessors and Collectors of taxes of each County within the District, as

a matter of law, are required to comply with the resolution adopted annually by the Board of Commissioners of said District. The duty to comply with such resolution so adopted under Section 12 of Chapter 14723, *supra,* is a continuing one from year to year as long as Chapter 14723 is effective or operative.

In the case of Richardson v. Hardee, 85 Fla. 510, 96 So. 290, this Court had before it the validity of Chapter 8412, Acts of 1921, Laws of Florida, commonly known as the Everglades Drainage District. The Act was by the Court sustained. It held that the expense of a drainage program would be raised by taxation, laid upon the property, real and personal, within the District benefitted for the purpose of maintenance, repair, up-keep and other necessary purposes of the District. The Court said:

"The principle being established that the assessment may be laid on the property within the district upon an ad valorem basis, the question of ascertaining the measure of special benefits resulting from the improvement and the property to which it extends and the apportionment of the tax, is one for legislative determination, and when the Legislature determines this question in a case within its general power, its decision is not subject to review by the Courts in the absence of a showing of an arbitrary and manifest abuse of power. Lainhart v. Catts, *supra.* (73 Fla. 735, 75 So. 47) ; Hagar v. Reclamation Dist., 111 U. S. 701, 4 Sup. Ct. Rep. 663; Spencer v. Merchant, 125 U. S. 345, 8 Sup. Ct. Rep. 921; Houck v. Little River Dist., *supra* (239 U. S. 254) ; Dorsey, etc., Co. v. Board of Directors, *supra* (136 Ark. 524, 203 S. W. Rep. 33) ; Alcorn v. Bliss-Cook Oak Co., 133 Ark. 118, 201 S. W. Rep. 797; Moore v. Board of Directors, 81 Ark. 116, 135 S. W. Rep. 819."

This Court is not concerned with the policy or wisdom of the enactment of Chapter 14723, Acts of 1931, as this re-

sponsibility rests with the Legislature of Florida. If the taxpayers are dissatisfied or desire to discontinue the taxing burden so created by Chapter 14723, *supra,* their relief is with the Legislature.

The judgment appealed from is affirmed.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.