State, *ex rel.* J. Ginsberg and Annie Ginsberg, joined by her husband, J. Ginsberg, v. J. Godfrey Dreka, as Chairman of the Board of County Commissioners of Volusia County, *et al.*

185 So. 616.

Opinion Filed December 7, 1938.

Rehearing Denied January 23, 1939.

*Joseph Ginsberg,* for Relators;

*Hull, Landis, & Whitehair,* for Respondents.

Terrell, C. J.—Alternative writ of mandamus was issued herein commanding Respondents' to convene and re-

vise the 1938 levies and assessments of taxes in Daytona Beach Special Road and Bridge District, Halifax Hospital District, and Halifax Special Road and Bridge District to provide for the maintenance, upkeep, salaries, and other incidentals of said districts by all taxable properties therein including homestead and non homestead properties alike, and to certify said levy and assessments as required by law or to show cause why they refuse to do so. The cause is before us for disposition on the demurrer to and motion to strike the alternative writ filed by respondents.

On mature consideration, we are convinced that the alternative writ might have appropriately been denied because it was not sought until after the current assessment roll was made up and revision thereof completed as provided by law. No reason whatever is given for the delay and we are not assured that the confusion resulting to the community is not greater that the burden imposed on the relators. Since, however, the writ was granted the main question raised is one of public interest and is squarely presented, we proceed to answer it.

It may be stated as follows: Are homesteads to the value of five thousand dollars located in the three special assessment districts named herein exempt from taxation for the payment of salaries, maintenance, and upkeep of said Special Assessment Districts or should they be taxed as other properties for the purposes named?

Respondents contend that the homesteads brought in question are not liable for such assessments and rely on Section Seven of Article Ten of the Constitution to support their contention. Section Seven of Article Ten is as follows:

"There shall be exempted from all taxation, other than special assessments for benefits, to every head of a family who is a citizen of and resides in the State of Florida, the

homestead, as defined in Article X of the Constitution of the State of Florida up to the valuation of $5,000.00; provided, however, that the title to said homestead may be vested in such head of a family or in his lawful wife residing upon such homestead or in both."

Inspection of the provision of the Constitution as quoted discloses that it exempts from all taxation, "other than special assessments" homesteads to the value of five thousand dollars. It is admitted that Halifax Hospital District, Daytona Beach Special Road and Bridge District, and Halifax Special Road and Bridge District, are special assessment districts, and that the improvements made therein, for which the special assessments are to be levied, were made for the benefit of the entire district and that all homesteads therein were required to pay for said improvements by taxation.

If taxes can be imposed on homesteads to make improvements for the benefit of the district or districts we think it must necessarily follow that any and all legitimate expenses of supporting and maintaining these improvements must also be paid for by assessments on homestead and non homestead property alike. It would be a strange doctrine to hold that homesteads were not benefited by a hospital, highway, bridge, or other improvement they had been burdened to bring into existence. Such improvements are a benefit to homestead and non homestead property and the life of their benefit depends on their maintenance and upkeep. It would be manifestly inequitable and unfair to impose the cost of their upkeep on non homestead property alone and Section Seven of Article Ten clearly does not require that it be done. Maintenance is no less the burden of the district than creation in the first place.

Benefits to a special assessment district do not cease the minute of their creation. They continue indefinitely and

are enjoyed by all the property owners of the district. It is essential that they be administered and homesteads should share in the legitimate expense of their administration.

It follows that the motion to quash must be and is hereby overruled.

It is so ordered.

WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN and THOMAS, J. J., dissent.