STATE, *ex rel* J. L. CLARK v. T. N. HENDERSON, *et al.*

188 So. 351.
En Banc.
Opinion Filed April 21, 1939.
Rehearing Denied May 15, 1939.

*Wm. E. Thompson, Keen* and *Allen, J. Velma Keen, Wm. P. Allen and A. Frank O'Kelley, Jr.,* for Relators;

*John W. Cone* and *Henry C. Tillman,* for Respondents.

WHITFIELD, J.—The alternative writ of mandamus issued herein by this court commands the appropriate county officers to levy, assess and collect ad valorem taxes upon homesteads in Special Tax School District No. 36, Hillsborough County, Florida, for the school year 1938-1939, for the exclusive use of pubilc free schools within the district, under Section 10, Article XII, of the Florida Constitution and the statutes relating thereto, or to show cause for not doing so. The alternative writ alleges:

"That Special Tax School District No. 36 of Hillsborough County, Florida, is a special taxing district created pursuant to the Constitution and Laws of the State of Florida for specific public improvements and for the special benefit of the property in the District, to-wit: the construction of school buildings and the maintenance of such buildings, and to assist in the operation and maintenance of public free schools in such buildings and the taxes levied and assessed for maintenance on the property in the District are special assessments for benefits and should be levied and assessed against all property within the District, including all homestead property as well as all non-homestead property therein."

A demurrer and motion to quash were filed. Allegations of the writ even on demurrer thereto cannot change the legal effect and operation of the Constitution and statutes which control the matter being litigated. The defense in effect is that the school district tax is not a special assesment, but is a tax in aid of a general public school function under the Constitution; and that Section 7, and amended Section 7, Article X, of the Contitution exempt homesteads from such taxation.

668

Article XII, Section 1, Constitution, commands that the Legislature shall provide for a uniform system of public free schools and for the liberal maintenance of such system of free schools. This means that a system of public free schools, as distinguished from the authorized State educational institutions, shall be established upon principles that are of uniform operation throughout the State and that such system shall be liberally maintained. Subsequent provisions of Article XII designate the officers to administer such uniform system of public free schools, and require State, county and school district ad valorem taxes to be levied, assessed and collected, and to be disbursed by stated local public officers solely for the support and maintenance of public free schools, the counties and school districts being the school governing units, to the end that the uniform system of public free schools required by the Constitution to be established throughout the State, may be liberally maintained by an efficient and economical administration of the funds derived from State, County and school district ad valorem taxation and from other revenues provided by law consistent with Article XII. See Sec. 9, Art. XII. See also State, *ex rel.* Bours v. L'Engle, 40 Fla. 392, 24 So. 539.

The purpose intended to be accomplished in establishing and liberally maintaining a uniform system of public free schools, is to advance and maintain proper standards of enlightened citizenship. Article XII does not provide for any special local improvements to be paid for by district taxation under Section 10 and referred to in Section 11, other than those that are supplementary to State and County taxes levied for the maintenance of a uniform system of public free schools throughout the State.

Sections 8, 10 and 11 of Article XII are as follows:

"Section 8. Each county shall be required to assess and

collect annually for the support of the public free schools therein, a tax of not less than three (3) mills, nor more than ten (10) mills on the dollar on all taxable property in the same. (Amendment of 1904, Joint Resolution 2, Acts 1903, making the maximum seven (7) mills, as amended by Joint Resolution 25, Acts 1917, and adopted at general election, 1918.)"

"Section 10. The Legislature may provide for the division of any county or counties into convenient school districts; and for the election biennially of three school trustees, who shall hold their office for two years, and who shall have the supervision of all the schools within the district; and for the levying and collection of a district school tax, for the exclusive use of public free schools within the district, whenever a majority of the qualified electors thereof that pay a tax on real or personal property shall vote in favor of such levy: Provided, that any tax authorized by this section shall not exceed ten mills on the dollar in any one year on the taxable property of the district. (Amended, Senate Joint Resolution 1, Acts 1921; adopted at general election, 1922.)

"Section 11. Any incorporated town or city may constitute a School District. The fund raised by Section 10 may be expended in the district where levied for building or repairing school houses, for the purchase of school libraries and text-books, for salaries of teachers, or for other educational purposes, so that the distribution among all the schools of the district be equitable."

The quoted and other sections of Article XII do not contemplate the imposition of special assessments for benefits, or assessments for special benefits. The district ad valorem tax authorized by Section 10 is a tax and not a special assessment. The proceeds of such school district tax are to be used to supplement other school revenues, to make

more efficient, *in the districts* that are formed under Section 10, the uniform system of public free schools which are required *by the Constitution* to be liberally maintained in the various counties of the State including the school districts therein.

Section 7 of Article X of the Florida Constitution as adopted in 1934, provides that:

"There shall be exempted from all taxation, other than special assessments for benefits, to every head of a family who is a citizen of and resides in the State of Florida" a defined homestead "up to the valuation of $5,000.00 * * *."

That organic section was amended in 1938 so as to enlarge the classes of persons claiming homesteads who "shall be entitled to an exemption from all taxation, except for assessments for special benefits."

Under original Section 7 the homestead exemption is "from all taxation, other than special assessments for benefits." Under amended Section 7 the homestead exemption is "from all taxation, except for assessments for special benefits." It is not necessary in this case to determine whether there is any material difference in the ultimate effect of the two last quoted organic provisions. The tax under Section 10, Article XII, is imposed in aid of a general public free school system, which the Constitution makes uniform throughout the State, and the tax is not imposed for special benefits to accrue to the lands in the particular area, therefore the burden is a tax and not a special assessment.

The constitution does not refer to "special assessments" except as they are excluded from the exemption of stated homestead property "from all taxation, other than special assessments for benefits," and "from all taxation, exclusive of assessments for special benefits," Section 7, and Section 7 as amended, of Article X. Thus the Constitu-

tion differentiates between taxation and "special assess-ments for benefits," or "assessments for special benefits," in providing for exemptions of designated homesteads from taxation.

. Designated homesteads "up to $5,000.00 valuation" are exempt *from all taxation,*" but not from "special assess-ments for benefits" or "assessments for special benefits." "Special assessments" may be authorized by statute. Such special assessments are expressly and specifically *excluded from* the organic exemption of defined homesteads from "all taxation." As there are no "special assessments" au-thorized by the Constitution, those referred to in Section 7 of Article X are statutory "special assessments." They have been contrasted with a tax by this court, viz.:

"A tax is an enforced burden of contribution imposed by sovereign right for the support of the government, the ad-ministration of the law, and to execute the various func-tions the sovereign is· called on to perform. A special as-sessment is like a tax in that it is an enforced contribution from the property owner, it may possess other points of similarity to a tax but it is inherently different and gov-erned by entirely different principles.

"It is imposed upon the theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the prop-erty against which it is imposed as a result of the improve-ment made with the proceeds of the special assessment. It is limited to the property benefited, is not governed by uni-formity and may be determined legislatively or judicially. Cooley on Taxation (3rd Ed.), Vol. 2, 1153. Words and Phrases (second series), Vol. 4, page 625, and cases there cited. See also Whitney v. Hillsborough County, 12 So. R. 486; A. C. L. v. Lakeland, 115 So. R., text 683." Klemm v. Davenport, 100 Fla. 627, text p. 631, 129 So. R 904.

It seems clear that the provision of Section 10, Article XII, of the Florida Contitution of 1885, viz.: "for the levying and collection of a district school tax, for the exclusive use of public free schools within the district," when interpreted in connection with other sections of Article XII and the purpose of such Article to establish a uniform system of public schools, and with reference to county and school district units, and to the liberal maintenance of such uniform system to promote education and good citizenship, the school district ad valorem tax is ancillary to the county school tax and is not a special assessment for benefits to property in the district, but is a tax in aid of the uniform system of public free schools, the school district tax under Section 10 being of the same nature and for the same general purpose as the county school tax under Section 8, or the State "special tax" for public free schools under Section 6 of Article XII.

The school district tax under Section 8, Article XII is not a special assessment for benefits within the meaning of Section 7 of Article X, adopted in 1934, and Section 7 of Article X as amended in 1938; and therefore such school district tax is not excluded from the provisions of Section 7, and amended Section 7, of Article X which exempt stated homesteads "from all taxation, other than special assessments for benefits" or "from all taxation, except for assessments for special benefits." Consequently the constitutionally designated classes of homesteads are exempt from school district taxes. Questions of policy are foreclosed by the quoted organic provisions, the Federal Constitution not being thereby violated.

Liability of homesteads in Special Tax School Districts to taxation, under Section 17 of Article XII of the Florida Constitution and under the contract clause of the Federal Constitution, is not presented or considered in this case.

See Gray v. Moss, 115 Fla. 701, 156 So. 262; Gray v. Winthrop, 115 Fla. 721, 156 So. 270; Folks v. Marion County, 121 Fla. 17, 163 So. 298; Fleming v. Turner, 122 Fla. 200, 165 So. 353.

In State, *ex rel.* Ginsberg, v. Dreka, 135 Fla. 463, 185 So. 616, a *statute,* Chapter 11272, Acts of 1925, incorporated a special taxing district and authorized it, for exceptional purposes of peculiar benefit to the entire district, to issue bonds and with the proceeds therefrom to establish, construct, operate and maintain such hospital or hospitals as shall be necessary for the use of the people of said district for the preservation of health, etc. The ad valorem tax authorized to be levied for the improvement being in the nature of special assessments for local benefits not provided for by the Constitution as a general State or county function. The other statutes interpreted in the Ginsberg case authorized local improvements for the benefit of the people and lands of the district on which the tax was levied.

In the Ginsberg case this Court held that as the local improvements were obtained by special assessments, the maintenance of such improvements is a proper purpose for the district ad valorem taxes as special assessments in the districts. See Martin v. Dade Muck Land Co., 95 Fla. 530, 116 So. 449; Jinkins v. Entzminger, 102 Fla. 167, 135 So. 785; State v. Latham, 121 Fla. 486, 163 So. 890; Klemm v. Davenport, 100 Fla. 627, 129 So. 904, 70 A. L. R. 156; Sovereign Camp W. O. W. v. Lake Worth Inlet Dist., 119 Fla. 782, 161 So. 717; Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Richardson v. Hardee, 85 Fla. 510, 96 So. 290; Houck v. Little River District, 239 U. S. 254, 36 Sup. Ct. 58, 60 L. Ed. 266. The opinion in Hamrick v. Spec. Tax. School Dist., 130 Fla. 453, 178 So. 406, does not conflict with this opinion.

The demurrer to the alternative writ is sustained.

CHAPMAN, J., concurs.

BROWN, J., concurs specially.

THOMAS, J., concurs with BROWN, J.

BROWN, J. (concurring specially).—I concur in all of the foregoing opinion except that portion with reference to the decision in Ginsberg v. Dreka, *supra,* in which case Mr. Justice THOMAS and the writer dissented.

TERRELL and BUFORD, J. J., dissent.

BUFORD, J. (dissenting).—Prior to the adoption of the amendment to Section 7, Article X of our Constitution, at the General Election in 1934, homesteads were taxable as other real estate. That amendment exempted homesteads "from all taxation other than *special assessments* for benefits." That section was again amended by the result of the general election in 1938 and by the latter amendment homesteads as defined therein are exempted "from all taxation, except for assessments *for special benefits.*" The school district tax is not a special assessment because, as pointed out in the opinion herein by Mr. Presiding Justice WHITFIELD, it is a tax provided by the Constitution to supplement the state system of public free schools. But, certainly it is an assessment for special benefits. It is exclusively for the special benefit for the free schools in the Special Tax School District where it is assessed. The electorate deliberately changed the wording of the Constitution so as to make the exemption *not* apply to assessments (either general or special) for special benefits, whereas theretofore the exemption applied to all taxes except *special assessments* for benefits. The two phrases cannot logically be said to have the same meaning. In neither amendment was the word "benefits" confined to apply to property, but as used in the 1934 amendment, *supra,* it ap-

plied to benefits of whatever sort for which special assessments might be made; while in the 1938 amendment it applies to taxes however imposed for special benefits. The Constitution is the supreme law written by the people and the courts may not nullify or change that law as it is written. Exemptions from taxation, whether by statute or Constitution, are to be strictly construed against the exemption and in favor of the right to tax. 61 C. J. Sec. 385, page 385.

If there is any special benefit for which homesteads should be chargeable on the tax rolls it is the assessment for special benefits to the Special Tax School Districts and we must assume that the electorate recognized this when they changed the Constitution so as to make homesteads subject to assessments for *special benefits*.

I think the demurrer should be overruled.

TERRELL, C. J., concurs.