50 So.2d 885 (1951)
WHISNANT et al.
v.
STRINGFELLOW et al.
Supreme Court of Florida, Division B.
February 23, 1951.
Archie M. Odom and Frank A. Pavese, Fort Myers, for appellants.
William J. Wood, Fort Myers, for appellees.
ROBERTS, Justice.
A single question is presented on this appeal, viz: Is homestead property up to the assessed valuation of $5,000 properly exempted from a tax for a county health unit levied and assessed by the county commissioners of Lee County, as authorized by Section 154.02, Florida Statutes, same F.S.A.? It is here contended by appellants that a tax for a county health unit is an assessment for special benefits; and that Section 7 of Article 10 of the Constitution, F.S.A., which exempts homestead property up to such valuation from "all taxation, except for assessments for special benefits," does not operate to relieve such property from liability to a tax imposed for such purpose. This contention cannot be sustained.
In Klemm v. Davenport, 100 Fla. 627, 129 So. 904, 907, 70 A.L.R. 156, cited in State ex rel. Clark v. Henderson, 137 Fla. 666, 188 So. 351, 354, this court drew the distinction between a "tax" and a "special assessment" in the following language:
"A `tax' is an enforced burden of contribution imposed by sovereign right for the support of the government, the administration of the law, and to execute the various functions the sovereign is called on to perform. A `special assessment' is like a tax in that it is an enforced contribution from the property owner, it may possess other points of similarity to a tax, but it is inherently different and governed by entirely different principles.
"It is imposed upon the theory that that portion of the community which is required to bear it receives some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessment. It is limited to the property benefited, is not governed by uniformity, and may be determined legislatively or judicially."
See also Crowder v. Phillips, 146 Fla. 428, 1 So.2d 629, 631, in which it was indicated that an improvement for which an "[assessment] for special benefits" is made must bear some logical relationship to the enhancement of the value of the real estate located in the taxing district.
A county health unit is the source of benefits to all the people of the county. It is, in fact, as much "a current governmental need" and "as essential to the public welfare as police protection, education or any other function of local government." State v. Florida State Improvement Commission, Fla., 48 So.2d 165, 166. But there would appear to be no "special or peculiar benefit" to the real property located *886 in the county by reason of its establishment  no "logical relationship" between its establishment and the improvement of the real estate situated in the county. It benefits everyone in the county, regardless of their status as property owners. It is a "governmental need" for which the taxing power of the county may be obligated. State v. Florida State Improvement Commission, supra.
We hold, therefore, that the tax here involved is not an "[assessment] for special benefits", within the meaning of Section 7 of Article 10, and that the county commissioners of Lee County properly exempted homestead property up to the assessed valuation of $5,000 from the burden of the tax.
The judgment appealed from is affirmed.
SEBRING, C.J., and CHAPMAN and ADAMS, JJ., concur.