71 So.2d 260 (1954)
CITY OF FORT LAUDERDALE
v.
CARTER.
Supreme Court of Florida. En Banc.
March 23, 1954.
*261 Julian E. Ross, Fort Lauderdale, and Julian L. Williams, Sarasota, for appellant.
Jim H. Carter, Fort Lauderdale, for appellee.
SEBRING, Justice.
Lillian G. Carter, the plaintiff below, is the owner of a certain residence property in Fort Lauderdale, Florida, as to which she has been granted homestead exemption pursuant to the provisions of section 7, Article X of the Constitution of Florida, F.S.A. which provides, in part, that homestead owners "shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of Five Thousand/Dollars on the said home and contiguous real property". The City of Fort Lauderdale has levied an ad valorem tax upon all property, real and personal, in the city, for the fiscal year 1953-54, the revenues produced thereby to be used to defray the expenses of garbage, waste and trash collection.
Mrs. Carter brought suit against the city to enjoin the imposition and collection of the tax against her property, on the ground that homestead property is exempt from such taxation. The city defended the suit on the theory that the tax imposed amounted to an "assessment for special benefits" as to which homestead property is not exempt.
At final hearing the Circuit Court for Broward County rejected the contention of the defendant and entered a decree enjoining the city from collecting the tax on plaintiff's homestead property. On this appeal the defendant questions the propriety of this ruling.
We find no error in the decree appealed from.
A special assessment, though like a tax in that it is an enforced contribution from the property owner, is inherently different from a tax and is governed by entirely different principles. "It is imposed upon the theory that that portion of the community which is required to bear it received some special or peculiar benefit in the enhancement of value of the property against which it is imposed as a result of the improvement made with the proceeds of the special assessment." State ex rel. Clark v. Henderson, 137 Fla. 666, 188 So. 351, 354; Crowder v. Phillips, 146 Fla. 440, 1 So.2d 629; Whisnant v. Stringfellow, Fla., 50 So.2d 885; City of Orlando v. State, Fla., 67 So.2d 673.
In the instant case the tax is laid against all the real and personal property in the city in accordance with its value. As respects real property, no distinction is made between occupied or vacant properties, or, if occupied, whether the property is being used for commercial or residential purposes. Moreover, the tax imposed does not attempt to bear any proportionate relationship to the cost of the service to be rendered as to any particular property. Furthermore, no special or peculiar benefit results to any specified portion of the community or the property situated therein. It seems clear, therefore, that the charge levied against all real and personal property in the city is a general tax imposed for the support of the government and not an assessment against particular properties for special benefits. The levy, therefore, is without constitutional authority insofar as it applies to homestead property.
The decree appealed from should be affirmed.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS, HOBSON, MATHEWS and DREW, JJ., concur.