# ARKANSAS SOUTHERN RAILWAY COMPANY *v.* LOUISIANA AND ARKANSAS RAILWAY COMPANY.

### ERROR TO THE SUPREME COURT OF LOUISIANA.

No. 38.   Argued November 4, 1910.—Decided November 28, 1910.

This court must satisfy itself whether or not the party claiming the benefit of a contract which it claims was impaired by subsequent legislation had acquired rights under the original contract and therefore has jurisdiction.

This court follows the state court in determining the extent of a special immunity from taxation granted by the constitution of the State.

A subordinate body of the State, in the absence of the State distinctly limiting its control thereover, contracts subject, and not paramount, to the power of the State.

A State by authorizing a municipality to levy taxes in the future on taxable property within its jurisdiction does not thereby limit its own power to determine what property shall be taxable when the levy shall be made.

Even if the vote by a parish acting under a state statute in Louisiana to aid a railroad company by an annual tax constituted a contract and the company became entitled to its benefit, a provision in a subsequently enacted constitution. exempting certain property then taxable from all taxation does not impair the obligation of the original contract and the special tax cannot be imposed on the property so exempted.

121 Louisiana, 997, affirmed.

THE facts, which involve the validity of certain taxation on property claimed to be exempt under provisions of the constitution of the. State of Louisiana, are stated in the opinion.

*Mr. Allan Sholars*, with whom *Mr. A. A. Gunby* was on the brief, for plaintiffs in error:

This court has jurisdiction. The Federal question was properly presented. · *Kansas City Power Co.* v.· *Julian*, 215 U. S. 589; *Railway Co.* v. *Snell*, 193 U. S. 30; *Hammond Packing Co.* v. *Arkansas*, 212 U. S. 322; *Leathe* v. *Thomas*, 207 U. S. 72; *Southern R. R. Co.* v. *German National Bank*, 207 U. S. 270, do not apply, but see *Chambers* v. *Balt. & Ohio R. R. Co.*, 207 U. S. 142; *Sullivan* v. *Texas*, 207 U. S. 416.

The word "taxation" in the clause of Art. 230 of the Louisiana constitution of 1898, exempting new railroads from taxation, does not embrace special taxes voted by a parish in aid of public improvements. An exemption from taxation must be strictly construed. 42 Ann. 1098; 116 Louisiana, 144; 11 Ann. 220.·

Statutes have no retrospective effect or operation unless this purpose is announced specifically in the act. 39 Ann. 115.

Voluntary contributions, though in the nature of taxes, do not constitute general or ordinary taxation in the sense in which that word is ordinarily used. 104 Louisiana, 284; see also *Ill. Cent. R. R.* v. *Decatur*, 147 U. S.

190; *Ford* v. *Delta & Pine Land. Co.*, 164 U. S. 662; 108 California, 189; 91 N. Y. 574; 12 Am. & Eng. Ency. Law, Exemptions from Taxation, 314; Words and Phrases, verbo Taxation, p. 6879.

Plaintiff in error had a legal contract with the taxpayers of the parish, in consideration of which its railroad was built. That contract dated from the date on which the special election was held and the tax voted according to law. *Fletcher* v. *Peck*, 6 Cr. 137; *Dartmouth College Case*, 4 Wheat. 657; Civil Code of La., §§ 1761, 2028; and see *James* v. *The Arkansas Southern R. R. Co.*, 110 Louisiana, 145.

If it had a contract, all classes of property taxable at the time the election was held were affected by that contract, and no property in the parish of Winn, or that might come therein, could be exempt from that special tax without violating the Constitution of the United States by impairing the obligation of that contract.

As the tax was voted, the railway company had an interest in that tax; it had the right to perform certain actions, to acquire and possess that tax by doing certain things. This was clearly a vested right.

Not even the sovereign, the legislature, could change the taxability of property. *Tulane Education Fund* v. *Board of Assessors*, 38 Ann. 292, holds that the taxability of property cannot be changed so as to affect acquired rights. *Arkansas Southern R. R. Co.* v. *Wilson*, 118 Louisiana, 395, holds that the tax covered all new property brought into the town.

If the constitutional convention could exempt a part of the property covered by this tax, it could exempt it all. If it could diminish, it could destroy.

The true test is whether the rights of the railroad under its contract have been curtailed; 4 Wheat. 535; whether its value has been diminished. 2 How. 608; 6 How. 301.

Rights under the contract must be determined by laws

in force at the date of the contract. *Fish* v. *Police Jury of Jefferson Parish,* 116 U. S. 132; and see 96 U. S. 595; 16 Wall. 314; *Hunt* v. *Hunt,* 131 U. S. Appx. clxv.

*Mr. Henry Moore, Jr.,* with whom *Mr. Henry Moore, Mr. H. H. White* and *Mr. Samuel Herrick* were on the brief, for defendant in error:

The exemption from taxation of the respondent is claimed under the constitution of 1898, adopted three years prior to the date the Supreme Court of Louisiana found the tax levy of the plaintiff in error became vested, and no law or statute of Louisiana passed subsequent to 1898 is brought into this record or involved in this decision.

When the state court decides against a right claimed under a contract, and there was no law subsequent to the contract, this court clearly has no jurisdiction. *New Orleans Water Co.* v. *Easton,* 121 U. S. 388.

Before this court can assume jurisdiction, the decision of the state court must show squarely that a question arising under the Constitution or statutes of the United States was involved and that the decision of the state court could not have been made without deciding the Federal question thus raised, which cannot be shown in this case.

Even if it should be granted that plaintiff in error accepted the offer of the taxpayers of Winn Parish according to its terms, and had earned the said tax by completion within the time limit, yet, according to the very terms of the said contract, the property of the respondent railroad would not be subject to said tax and the Supreme Court of Louisiana so held.

Under § 6 of Art. 35 of 1886, under which the tax to the plaintiff in error was voted, such tax could be levied only upon all taxable property within the parish. There was no property of the respondent railroad in Winn Par-

ish at that time, and all property now belonging to it within the parish has been brought into existence since the year 1901. Said respondent railroad accepted the offer under the exemption clause of Art. 230 of the constitution of 1898. *LeFranc* v. *New Orleans*, 27 Ann. 188; *New Orleans* v. *Carondelet Canal Co.*, 36 Ann. 396.

To allow this clause of the constitution to be nullified under the guise of special taxation, would, in effect, be allowing the State of Louisiana to perpetuate a fraud against this respondent, and this, by its decisions, the State has refused to do. *McGee* v. *Mathis*, 4 Wall. 143.

The question as to the taxability of property *in futuro* was necessarily left to the determination of the sovereign State. On this point, the decision of the State followed the well-settled jurisprudence of the State. *Tulane Educational Fund* v. *Board of Assessors*, 38 Ann. 292; *Tulane University* v. *Board of Assessors*, 115 La. Ann. 1026. The latter held property exempt from taxation even though it had not then been formally transferred to the University.

The property of the respondent railroad company came into existence under the exemption from taxation granted in the constitution of 1898 and at no time has it been such taxable property within the parish of Winn as that upon which the plaintiff in error has earned the aid voted by the taxpayers of said parish. The theory that property once subject to taxation must always remain so, is opposed to all the tenets of law, not only in the State of Louisiana, but in other States of this Union.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a writ of error to reverse a decision of the Supreme Court of Louisiana granting an injunction to the plaintiff, the Louisiana and Arkansas Railway Company, the defendant in error, against the collection from it of

a special tax in favor of the Arkansas Southern Railway Company, the plaintiff in error. 121 Louisiana, 997. The agreed facts are these. By Art. 230 of the state constitution of 1898 any railroad thereafter constructed before January 1, 1904, was to be exempt from taxation for ten years from completion, upon certain conditions. The plaintiff built its road through the parish of Winn and gained the right to the exemption. The defendant, plaintiff in error, claims its rights under a vote of the same parish on February 1, 1898, granting a tax of five mills to a predecessor to whose rights the defendant has succeeded. This vote was valid, and effective against all taxable property in the parish. *James* v. *Arkansas Southern Railway Co.,* 110 Louisiana, 145. Act 35, § 6, 1886. Const. 1879, Art. 242. By its terms the grant was for ten years from the completion of the road, the Police Jury adding a condition that the railroad should be completed into Winnfield within three years from the date of the vote. Afterwards the Police Jury extended the time to May 1, 1901, on or before which date and before the acquisition of its right of way and ground by the plaintiff the road was finished. It was accepted by the Police Jury and taxes have been levied and paid in accordance with the vote, beginning with the year 1901. The defendant was proceeding to levy on the property of the plaintiff in the parish and says that if the constitution of 1898 is construed to confer an exemption from this tax upon the plaintiff it impairs the obligation of contracts; contrary to Art. I, § 10, of the Constitution of the United States.

The plaintiff says that there is no constitutional question before this court because the Supreme Court of Louisiana put its decision partly upon the ground that the defendant had not acquired all of its contract rights before the adoption of the constitution of 1898. Of course this court must satisfy itself upon that point and therefore has jurisdiction. *Sullivan* v. *Texas,* 207 U. S. 416,

423. On the other hand the defendant asks us to review the construction given to the state constitution as extending the immunity granted by the above-mentioned Art. 230 to special taxes like this. Upon that point, equally of course, we follow the state court. *Louisville & Nashville R. R. Co.* v. *Kentucky*, 183 U. S. 503, 508; *Missouri* v. *Dockery*, 191 U. S. 165, 171. Leaving these preliminaries behind we come to the point of the case.

We shall not consider whether the vote is to be regarded as having been simply an offer at the time of its passage in consideration of acts to be done thereafter, and as having become a contract only when the road was finished, that is to say, after the constitution of 1898 went into effect. See *Wadsworth* v. *Supervisors*, 102 U. S. 534, 538, 539. We shall assume, without deciding, that it became binding at once, by statutory authority, after the analogy of a covenant, see *Wisconsin & Michigan Ry. Co.* v. *Powers*, 191 U. S. 379, 386, although liable to be defeated by the non-performance of the condition attached. We assume also that the condition was satisfied and the right to the tax earned, and that when earned it had the same validity and force as if it had been gained before the constitution was adopted. It appears further from what we have stated that when the right to the tax accrued the land now in the hands of the plaintiff's road was liable to taxation. But these facts and assumptions are not enough to make out the defendant's case.

No doubt a State might limit its control over the power of a municipal body to tax by authorizing it to make contracts on the faith of its existing powers, *Wolff* v. *New Orleans*, 103 U. S. 358, *Hubert* v. *New Orleans*, 215 U. S. 170, although unless it did limit itself with a certain distinctness of implication a subordinate body would contract subject, not paramount, to the power of the State. *Manigault* v. *Springs*, 199 U. S. 473, 480; *Knoxville Water*

*Co. v. Knoxville,* 189 U. S. 434, 438. But there is no such limitation by the State and no contract by the parish that implies it. An authority given by the State to promise and levy a tax in future years on the taxable property in the parish does not purport to limit the power of the State to say what property shall be taxable when the time comes—at least by general regulations not aimed at aiding an evasion of the promise it has allowed. A vote by a parish to pay five mills on all the taxable property within its boundaries refers on its face to a determination by the sovereign as to what that property shall be. See *Arkansas Southern R. R. Co. v. Wilson,* 118 Louisiana, 395, 401. The notion that the statute and the vote separately or together precluded the State from erecting a jail that should be free from such claims is untenable on its face. The same reasoning allows the State to go farther, as it has done. We agree with the Supreme Court that it did not transgress the Constitution of the United States.

*Decree affirmed.*