R. A. GRAY, SECRETARY OF STATE, v. FRANCIS B. WINTHROP and GUY L. WINTHROP.

156 So. 270.
Opinion Filed July 7, 1934.

722

Cary D. Landis, Attorney General, and Robert J. Pleus, Assistant, for Appellant;

Watson & Pasco & Brown, for Appellees.

W. H. Poe, as amicus curiae.

WHITFIELD, J.—This suit was brought by citizen taxpayers, one of whom owns homestead real estate in Tallahassee, while both complainants own non-homestead real estate in, but they do not reside in, Special Tax School District No. 3 in Leon County, Florida.

The object of the suit is to enjoin the Secretary of State from performing a ministerial duty prescribed by law as a part of the procedure in submitting to the electors of the State a proposed amendment to the State Constitution, under Article XVII of the Constitution of Florida.

The appeal is from a decree denying a motion to dismiss the bill of complaint and temporarily enjoining the Secretary of State from publishing and furnishing copies for use in submitting to the voters at the next general election for adoption or rejection the following amendment to the State Constitution which was proposed by the Legislature at its 1933 session:

"House Joint Resolution No. 20.

"A Joint Resolution proposing an amendment to Article X of the Constitution of the State of Florida by adding thereto an additional section to be known as "Section 7" relating to Homestead and Exemptions.

"Be It Resolved by the Legislature of the State of Florida:

"That the following amendment to Article X of the Constitution of the State of Florida relating to homestead and exemptions, by adding thereto an additional section to be known as "Section 7" providing that no assessment for any State or County or Municipal taxation shall be levied upon the homestead, be and the same is hereby agreed to and shall be submitted to the qualified electors of the State of Florida for ratification or rejection in the general election to be held on the first Tuesday after the first Monday in November, A. D. 1934, that is to say, there shall be added to Article X of the Constitution of the State of Florida relating to homestead and exemptions, an additional section to be known as "Section 7" of said article, which shall read as follows:

"Section 7. There shall be exempted from all taxation, other than special assessments for benefits, to every head of a family who is a citizen of and resides in the State of Florida, the homestead as defined in Article X of the Constitution of the State of Florida up to the valuation of $5,000.00; provided, however, that the title to said homestead may be vested in such head of a family or in his lawful wife residing upon homestead or in both."

If adopted, this amendment will modify Section 1, Article IX, as well as Section 1, Article X, if not also other sections of the State Constitution. See Board v. Board, 58 Fla.

391, 50 So. 574. It cannot modify but will be subject to applicable provisions of the Federal Constitution.

Section 16, Article III, Florida Constitution, relates to the title of "each law enacted in the Legislature"; and has no application to legislative proposals of amendments to the Constitution. The title to a Joint Resolution proposing an amendment to the State Constitution is not controlled by Section 16, Article III. See 12, C. J. 693.

Section 1, Article XVII, Constitution, provides that:

"Either branch of the Legislature, at a regular session thereof, may propose amendments to the Constitution; and if the same be agreed to by three-fifths of all the members elected to each House, such proposed amendments shall be entered upon their respective journals with the yeas and nays, and published," etc.

This is the specific organic provision which controls, and it is not claimed that this requirement is not complied with.

It is not charged that the contemplated amendment to the Constitution has not been duly proposed by the requisite vote of each House of the Legislature, as in Crawford v. Gilchrist, 64 Fla. 41, 59 So. 693, Ann. Cas. 1914 B 916, but it is contended that the contents of the proposed amendment violate stated provisions of the paramount Federal Constitution, and that consequently the ministerial acts of the Secretary of State with reference to the submission of the proposed amendment to the electors of the State for adoption or rejection were properly enjoined by the circuit judge.

For the appellant it is argued that the court had no authority to enjoin the submission of the amendment to the electors as required by the Constitution because the amendment was duly proposed by the Legislature and it does not violate Federal law.

Section 1, Article X, of the present Constitution provides for a homestead exemption in real estate "owned by the head of a family residing in this State"; but expressly provides that such property shall not "be exempt from sale for taxes or assessments."

The resolution here considered proposes to amend the Constitution by adding a Section 7 to Article X providing for a general organic exemption from all taxation, other than special assessments for benefits, of homestead real estate as defined by Article X, up to the valuation of $5,-000.00, when the title to such homestead real estate is vested in the "head of a family who is a citizen of and resides in the State of Florida," or when such title is vested in his lawful wife residing upon such homestead or in both husband and wife.

The language of the amendment does not express or imply an intent that such general exemption of homesteads from taxation shall operate to violate any provision of the paramount Federal Constitution and it must be assumed in the absence of express terms to the contrary that the exemption amendment was intended to be operative in accord with such dominant Federal law, to be made effective whenever its operation does not violate the supreme law of the land. See Section 2, Declaration of Rights, Florida Constitution; Pars. 2 and 3, Article VI, Federal Constitution; Section 2, Article XVI, and Section 3, Article VI, Florida Constitution. 12 C. J. 800. See Davis v. Florida Power Co., 64 Fla. 246, 60 So. 759, Ann. Cas. 1914 B 965.

If a proposed amendment to the State Constitution by its terms specifically and necessarily violates a command or limitation of the Federal Constitution, a ministerial duty of an administrative officer that is a part of the prescribed legal procedure for submitting such proposed amendment

to the electorate of the State for adoption or rejection, may be enjoined at the suit of proper parties in order to avoid the expense of submission, when the amendment, if adopted, would palpably violate the paramount law and would inevitably be futile and nugatory and incapable of being made operative under any conditions or circumstances. But if a duly proposed amendment to the Constitution, may if adopted, conceivably be valid in part or as applied to some conditions, its submission to the voters should not be enjoined, because in such a case the State has a right to the submission and, if it is adopted, to the operation of the amendment as far as it may legally be made effective.

If it is not clearly shown that by its terms the proposed amendment to the State Constitution, as an entirety expressly and specifically violates some command or limitation of the Federal Constitution so as to render it wholly void, or that the proposed amendment is otherwise wholly incapable of operation, its submission to the electorate of the State for adoption or rejection as required by the Constitution should not be enjoined, even though, if adopted, it may in appropriate procedure by proper parties, allegations of facts and proof or admissions, be shown that the amendment violates paramount Federal law and is therefore inoperative to the extent that it is duly shown to be invalid.

Subject only to applicable and controlling Federal law, State taxation is authorized, limited and regulated by the State Constitution and by statutes enacted thereunder. The State Constitution may itself designate or may authorize statutory designations of classes of property that shall be taxed or that shall be exempt from taxation, when organic property rights secured by the Federal Constitution are not thereby violated. See 61 C. J. 384; Arkansas Sou.

Ry. v. Louisiana & A. R. Co., 218 U. S. 431, 31 Sup. Ct. 56, 54 Law Ed. 1097; Gilman v. The City of Sheboygan, 67 U. S. (2 Black) 510, 17 Law Ed. 305 (State power reserved). A denial of the equal protection of the laws not involved in these cases.

Within their proper sphere of operation the applicable provisions of the Federal Constitution are to be regarded as the dominant authority in the interpretation and enforcement of provisions of a State Constitution which may be affected by Federal organic provisions, otherwise the Federal Constitution when it is applicable would not be the supreme law.

In cases where and to the extent that the application of a tax exemption provision of a State Constitution may be shown to deny the equal protection of the laws or violate other rights that are secured by the Federal Constitution, such exemptions may be inoperative, though as otherwise lawfully applied, such exemptions would be the controlling law on the subject; therefore a proposed State organic exemption of homesteads from taxation which is not wholly void *on its face* should not be decreed to be invalid and inoperative in proceedings taken before the proposed amendment has been adopted by the electorate; and the submission of a *duly proposed* amendment to the voters for adoption or rejection at the prescribed general election as required by Section XVII of the Constitution should not be enjoined when such proposed organic amendment does not specifically violate any command of the Federal Constitution or is not otherwise wholly void; but such proposed organic amendment should be duly submitted to the electorate so that if adopted at the polls it may be made effectual when and to the extent that its enforcement does not violate applicable paramount Federal law.

It is not made to appear that the text of the proposed amendment expressly violates any specific command of the Federal Constitution so as to render the amendment wholly void even if adopted. But it is in effect contended that as by its terms the proposed amendment exempts homesteads from *all* taxation, except special assessments for benefits, such amendment, if adopted, will necessarily impair the obligation of pre-existing statutory contract indebtedness of the counties, municipalities and other governmental and taxing units in the State, and deny the equal protection of the laws, thereby rendering the amendment invalid and inoperative.

It is in substance stated that the exemption of homesteads from all taxation, except special assessments for benefits as provided in the proposed amendment, will if adopted at the polls, reduce by perhaps 40% the property that was subject to taxation at the time the statutory contract indebtedness was incurred by the various taxing units; and that the non-homestead property left subject to taxation if the amendment is adopted, is insufficient to produce the amounts required to meet the debt payments, even if the added tax burdens on the non-exempt property, because of the exemption of homesteads from taxation, does not render the collection of any taxes levied on the non-exempt property at least impracticable, if not impossible; it is therefore insisted that the exemption of homesteads from taxation will inevitably impair the obligation of the statutory contract obligations of the various taxing units in the State, in violation of the Federal as well as the State Constitution.

Complainants do not allege that they hold any bonds of any taxing unit in Florida; but it is alleged that the proposed exemption of homesteads from taxation will greatly increase the taxes upon non-homestead property without

any compensating benefits and thereby deny to complainants the equal protection of the laws, and deprive them of their property without due process of law and in violation of paramount Federal law.

It is in effect contended that in view of the large revenues required by law to be raised for governmental operations and for debt purposes, the exemption of all homesteads from all *ad valorem* taxation will inevitably and very greatly increase the taxes upon other classes of real estate as well as upon personal property, if such exemption of homesteads does not, because of the added burdens thereby imposed upon non-exempt property, impair or destroy, in large part at least, the value of such non-exempt property; thereby denying to the complainants and other owners of non-exempt property the equal protection of the laws, and thereby also operating to deprive such owners of non-exempt property of their rights without due process of law, in violation of the Fourteenth Amendment to the Federal Constitution as well as of a like provision of the State Constitution.

. The amendment by its terms exempts from *all* taxation other than special assessments for benefits, a homestead in real estate as defined by Article X of the Constitution up to a valuation of $5,000.00, to every head of a family who is *a citizen of and resides in* the State of Florida.

Construed as being intended to be applied subject to the Federal Constitution, the amendment does not as an entirety, patently and specifically violate any stated provision of controlling Federal law so as to render it wholly inoperative and futile if adopted. The words, "exempt from all taxation," mean "exempt from all taxation" when not restrained by the superior Federal Constitution to which the proposed amendment is necessarily subject, since the

Federal Constitution is the paramount law and is to be regarded as being a controlling part of the proposed amendment. See Section 2, Declaration of Rights, Florida Constitution; paragraphs 2 and 3, Article XI, Federal Constitution.

While every word of a constitution should be given its appropriate meaning and effect, yet the meaning and legal effect of words in a State Constitution may be restrained or modified by applicable controlling commands or limitations contained in the Federal Constitution, since the Federal Constitution is the supreme law of the land, "anything in the Constitution or laws of any State to the contrary notwithstanding." Par. 2, Art. VI, Federal Constitution.

Under the proposed amendment to Article X of the State Constitution, when the title to a homestead real estate as defined by Section 1 of Article X of the Constitution, is vested in the head of a family who is a citizen of and resides in the State of Florida, or when such title is vested in his lawful wife residing upon such homestead, or in both such husband and wife, such head of a family, who is a citizen of and resides in the State of Florida, is entitled to an exemption of such homestead up to the valuation of $5,-000.00, from all taxation, other than special assessments for benefits. If the assessable value of the homestead real estate is $5,000.00 or less, the whole will be exempt if the exemption be legal as applied to such property. If the assessable value of the homestead real estate is more than $5,000.00, the exemption, if valid as applied to the property, will be up to $5,000.00 of the assessable value.

The proposed organic amendment is not void on its face; and it does not specifically violate any provision of the paramount Federal law; therefore its submission to the electorate for adoption or rejection should not be enjoined, even

though if the amendment is adopted and it be duly shown that its operation would violate the Federal Constitution, appropriate remedies to prevent its unlawful operation may be obtained in due course of legal procedure. See Gray v. Moss, filed this day.

Reversed.

DAVIS, C. J., and TERRELL, J., concur.

ELLIS and BROWN, J. J., concur in the conclusion.

BUFORD, J., dissents.