STATE, *ex rel.* BOARD OF COMMISSIONERS OF FLORIDA INLAND NAVIGATION DISTRICT, v. E. A. LATHAM, *et al,* as and constituting the Board of County Commissioners of Volusia County, and W. HOMER SMITH, as Tax Assessor of Volusia County.

163 So. 890.

Opinion Filed November 4, 1935.

*Alfred A. Green* and *L. N. Green,* for Relator;

*Erskine W. Landis* and *Hull, Landis & Whitehair,* for Respondents.

BUFORD, J.—This case is before us on motion to quash alternative writ of mandamus issued by this Court in proceedings of original jurisdiction. The purpose of the writ is to coerce the Board of County Commissioners of Volusia County to levy an assessment of one-half of one mill on all the taxable property in the County of Volusia, including "homesteads" for the use and benefit of Board of Commissioners of Florida Inland Navigation District under the provisions of Chapter 14723, Laws of Florida, Acts of

1931. That legislative Act amended Chapter 12026, Laws of Florida, 1927, creating and relating to a special taxing district to be known and designated "Florida Inland Novigation District" and provided for the officers of such district and designated their powers and duties.

Section 6 of the Act is as follows:

"It is the purpose and intent of this Act, and of said, Chapter 12026, Laws of Florida, 1927, that the Board of Commissioners of Florida Inland Navigation District perform and do all things which shall be requisite and necessary to comply with the requirements and conditions imposed upon 'local interest' by the Congress of the United States of America in its Rivers and Harbors Act approved January 21st, 1927, as amended by the River and Harbor Act approved July 3, 1930, authorizing the improvement and/or construction under the direction of the Secretary of War and the supervision of the Chief of Engineers of an inland waterway in general 100 feet wide and 8 feet deep at local mean low water, following the coastal route from Jacksonville, Florida, to Miami, Florida, in accordance with reports submitted December 14, 1926, in House Document numbered 586, Sixty-ninth Congress, second session, and in Senate Document numbered 71, Seventy-first Congress, second session, and in order that the said Secretary of War and the said Chief of Engineers may accomplish at the expense of the United States the works of improvement adopted and authorized by the aforementioned Acts of Congress, the Board of Commissioners of the said Florida Inland Navigation District is authorized, empowered and directed to obtain by donation, purchase or condemnation and convey and/or cause to be conveyed, free of cost to the United States, the necessary right-of-way property, and in addition thereto suitable areas for the deposit of

dredged material in connection with the work and its subsequent maintenance all as contemplated and required by the Acts of the United States Congress and the documents and the reports mentioned in said documents as hereinabove cited."

Paragraphs "e" and "f" of Section 7 of the Act are as follows:

"(e) That the funds to be used for the purchase of said Right-of-way, spoil areas and other property shall be obtained by said Board either from a tax levy or levies for that purpose as hereinafter provided, or borrowed upon its notes as herein provided for in such manner and amount and upon such terms as the Board of Commissioners shall determine.

"(f) The said Board of Commissioners is authorized and empowered to contract for the purchase of any property to be acquired or obtained by it under the provisions of this Act and to pay the purchase price therefor in installments or deferred payments upon such terms as the Board shall determine; said contract of purchase may provide for the payment of interest not to exceed six per cent (6%) per annum upon deferred payments."

Paragraph "a" of Section 11 of the Act is as follows: "It shall be the duty of the Board of Commissioners of said District to annually assess and levy against the taxable property in said District a tax not to exceed one-half mill on the dollar for each year, and the proceeds from such tax shall be used by said Commission for all expenses including the purchase price of the right-of-way and other property."

Section 12 of the Act provides as follows:

"The Board of Commissioners of said District shall, on or before the 15th day of July of each year by resolution,

determine the number of mills on the dollar to be levied as taxes for that year upon the taxable property in the District for the purposes of said District. Certified copies of such resolution executed in the name of the Board of Commissioners by its Chairman, and attested by its Secretary, under its corporate seal shall be made and delivered to the Board of County Commissioners of each and every county in said Florida Inland Navigation District and to the Comptroller of the State of Florida; thereupon, it shall be the duty of each of said Boards of County Commissioners to order the Assessor of each of said counties to assess, and the Collector of each of said counties to collect, a tax at the rate fixed by said resolution of the Board of Commissioners of the Florida Inland Navigation District upon all of the real and personal taxable property in said counties for said year (and such officers shall perform such duty) and said levy shall be included in the warrant of the tax assessors of each of said counties and attached to the assessment roll of taxes for each of said counties. The Tax Collectors of each of said counties shall collect such taxes so levied by said Board of Commissioners of said Florida Inland Navigation District in the same manner as other taxes are collected, and shall pay the same within the time and in the manner prescribed by law, to the Treasurer of the Board of Commissioners of the Florida Inland Navigation District. It shall be the duty of the Comptroller of the State of Florida to assess and levy on all railroad lines and railroad property and telegraph lines and telegraph property in said district a tax at the rate prescribed by the said resolution of the Board of Commissioners of the Florida Inland Navigation District, and to collect the said tax thereon in the same manner as he is required by law to assess and collect taxes for State and County purposes and

to remit the same to the Treasurer of said Board of Commissioners of the Florida Inland Navigation District. All such taxes shall be held by the Treasurer of the District for the credit of the district and paid out by him as provided herein. The Tax Assessor of each of said counties shall be entitled to receive a commission upon the amount of taxes assessed on behalf of said District in the said county of one and one-half (1½) per cent. of the total amount of such taxes assessed by him in said county and said commission shall be allowed by and paid to him by the Treasurer of said District."

Resolution adopted by the Board of Commissioners of Florida Inland Navigation District, a special taxing district as provided for in Section 12, above quoted, for the levying of a tax for the year 1935, is as follows:

### "RESOLUTION FOR LEVYING TAX FOR YEAR 1935.

*"Be It Resolved* by the Board of Commissioners of Florida Inland Navigation District, a special taxing District under the laws of the State of Florida, in regular meeting assembled at Jacksonville, Florida, this 26th day of June, A. D. 1935, as follows:

"1. The said Board of Commissioners of said Florida Inland Navigation District do hereby determine, assess and levy a tax of one and one-half (1½) mills on the dollar upon the taxable property in said Florida Inland Navigation District for the year A. D. 1935, for the following purposes of the District: (a) A tax of one-half mill on the dollar to be used by said commission for all expenses including the purchase price of right-of-way and other property. (b) A tax of one (1) mill on the dollar to provide funds with which to pay the interest and provide and maintain a sink-

ing fund for the payment of the interest and principal upon all issued and outstanding bonds of the District.

"2. That a certified copy of this resolution executed in the name of the Board of Commissioners of said District by its chairman, and attested by its Secretary, under its corporate seal, shall be made and delivered to the Board of County Commissioners of each and every county in said Florida Inland Navigation District, and to the Comptroller of the State of Florida, with the request that said tax levy of one and one-half (1½) mills be included in the tax levy to be made by each thereof for the year 1935, as provided by law, and with the further request that each of said Boards of County Commissioners order the Assessor of their respective County to assess and the Collector of their respective County to collect, the tax at the rate fixed by said Resolution of the Board of Commissioners of the Florida Inland Navigation District, viz.: one and one-half (1½) mills, upon all of the real and personal taxable property in each said respective County for the year 1935, as provided by the statutes and laws of the State of Florida applicable thereto.

"DONE AND ORDERED in open meeting, this 26th day of June, A. D. 1935, eleven members of the Board of Commissioners of said District being present.

"BOARD OF COMMISSIONERS, FLORIDA INLAND NAVIGATION DISTRICT.

"CORPORATE SEAL OF BOARD

"By A. H. BROOK, *Its Chairman.*

"Attest: D. H. CONKLING, *Its Secretary."*

"The Board of Commissioners of Florida Inland Navigation District and A. H. Brook and D. H. Conkling as

Chairman and Secretary respectively, of the Board of Commisisoners thereof, do hereby certify that the above and foregoing is a true and correct copy of the resolution of the said Board of Commissioners adopted June 26th, 1935, fixing the tax levy of said District for the year 1935.

"IN WITNESS WHEREOF, the Board of Commissioners of said District have caused these presents to be executed in its name by its Chairman, its corporate seal affixed and attested by its Secretary and the said A. H. Brook and D. H. Conkling as Chairman and Secretary respectively, of said District, have hereunto set their hands and seals this 26th day of June, A. D. 1935.

"BOARD OF COMMISSIONERS FLORIDA INLAND NAVIGATION DISTRICT.

"By      A. H. BROCK,
                    *Its Chairman.*

"ATTEST: D. H. CONKLING,
                    *Its Secretary.*

"CORPORATE SEAL
    OF BOARD

"A. H. BROCK      (SEAL)
"D. H. CONKLING (SEAL)"

The record shows that the County Commissioners levied the one-mill tax for debt service contemplated by the Resolution, but declined to levy the one-half mill tax as against homesteads of the assessed value of $5,000.00 or less, it being contended that such homesteads are exempt from the levy of this tax under the provisions of Section 7 of Article X of the Constitution of Florida, as amended by the adoption of House Joint Resolution No. 20 at the election held on the 6th day of November, 1934. That section, as amended, provides:

"Section 7. There shall be exempted from all taxation other than special assessments for benefits, to every head of

a family who is a citizen of and resides in the State of Florida, the homestead as defined in Article 10 of the Constitution of the State of Florida up to the valuation of $5,000.00; provided, however, that the title to said homestead may be vested in such head of a family or in his lawful wife residing upon such homestead or in both."

It is contended by the relators that the tax of one-half of one mill, the levy of which is sought to be required, is a "special assessment for benefits" and, therefore, that the assessment is not prohibited by the above quoted provision of the Constitution.

It, therefore, appears that the question presented for our determination is whether or not the tax authorized by paragraph "a" of Section 11 of Chapter 14723, Acts of 1931, is a special assessment for benefits, although a part of the tax will be used for the payment of the salaries of the members of the Board of Commissioners, for the employment of counsel in procuring right-of-way, and other expenses incidental to the performance of the duties of the Board of Commissioners as prescribed by the statute.

It appears clear to us from the context of the Act that it was the legislative intent to provide for a specific public improvement for the benefit of the district which was created and the property therein, against which taxes were authorized to be levied to effectuate the purposes of the Act. The legislative Act constituted a legislative determination of benefits to the district and to all the lands within the district to be accomplished by the carrying out of the purposes of the Act.

We think this case comes squarely within the purview of the opinion and judgment of this Court in the case of Jinkins v. Etzminger, *et al.,* 102 Fla. 167, 135 Sou. 785. Other cases analogous are Richardson v. Hardee, 85 Fla.

510, 96 Sou. 290; Martin v. Dade Muck Land Co., 95 Fla. 530, 116 Sou. 449; Lainhart v. Catts, 73 Fla. 735, 75 Sou. 47; New Smyrna Inlet District v. Esch, 103 Fla. 24, 137 Sou. 1 and 138 Sou. 49; Klemm v. Davenport, 100 Fla. 627, 129 Sou. 904; 70 A. L. R. 556; Sovereign Camp. W. O. W., v. Lake Worth Inlet District, etc. (Fla.) 161 Sou. 717.

We can see no useful purpose to be served by repeating what has been said in those cases.

We hold that the tax, the levy of which is authorized by paragraph "a" of Section 11 of Chapter 14723, Acts of 1931, is a special assessment for benefits and that, therefore, homestead property as described in Section 7 of Article XX of the Constitution of Florida is not exempt from such tax levy.

The motion to quash is overruled.

The respondents, failing to answer within ten days from the entry of this judgment, peremptory writ of mandamus will be awarded.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN, and DAVIS, J. J., concur.