C. E. YOWELL, as Tax Assessor of the City of Kissimmee, *et al.,* v. LAWRENCE ROGERS, *et ux.*

175 So. 772.
Division A.
Opinion Filed July 30, 1937.

*Lewis O'Bryan,* for Appellants;

*George P. Garrett* and *Ellis F. Davis,* for appellees.

BUFORD, J.—The appeal is from final decree enjoining the municipality from levying taxes for debt service on the municipal assessment roll for the year 1936 on a part of a lot of land within the municipality in so far as the assessment applied to improvement made on the lot by the erection of a dwelling house thereon which was erected subsequent to the 1934 amendment to the State Constitution exempting homesteads from taxation. The involved indebtedness was incurred by bonds issued prior to the date of the amendment. On completion of the dwelling and before January 1, 1936, the property, including the dwelling, acquired the character of a homestead.

Improvements such as a dwelling become a part of the freehold, and under our system of taxation must be assessed with and as a part of the real property. A conveyance in fee of the lot of land would carry title to the dwelling situate thereon. The homestead includes the land (not more than one-half acre in an incorporated town and not more than 160 acres in a contiguous body outside a

municipal corporation) with the dwelling and improvements thereon. The homestead is necessarily an indivisible unit.

This Court has repeatedly held that homesteads are taxable for debt service as to bonded indebtedness existing at the time of the adoption of the exemption amendment. See: State v. City of Pensacola, 123 Fla. 331, 166 So. 851; Steuart v. State, 119 Fla. 117, 161 So. 378; State, ex rel. Woman's Benefit Ass'n, v. Port of Palm Beach Dist., 122 Fla. 746, 164 So. 851; Folks v. Marion County, 121 Fla. 17, 163 So. 298; Fleming v. Turner, 122 Fla. 200, 163 So. 353; Gray v. Moss, 115 Fla. 701, 156 So. 262; Gray v. Winthrop, 115 Fla. 721, 156 So. 270; State, ex rel. Board of Comm'rs Fla. I. N. Dist., v. Latham, 121 Fla. 486, 163 So. 890; Long v. St. John, 126 Fla. 1, 170 So. 317.

The land on which the dwelling has been erected was subject to assessment to pay a proportionate part of the municipal debt at the time the involved amendment was adopted. When the land was improved the improvement enhanced the assessable value thereof and it is immaterial whether that enhancement was by reason of one sort or another sort of improvement. If the improvement had been by way of a dwelling for rental purposes the assessable value would have been enhanced for all purposes, but as the improvement was by way of a dwelling for use as the home of the owner, the assessable value was only enhanced for taxation for debt service and the property having acquired the character of a homestead was exempt from any other taxation except for pre-existing obligations for the payment of which it was subject to taxation and for special improvement assessments. It is the character of the property as a homestead which makes it in part exempt from taxation. Only improved property may acquire homestead character.

Property which acquires the status of a homestead is

taxable to raise money with which to pay contractual obligations existing at the time of the homestead exemption amendment just the same as in property which has not acquired that status. It therefore follows that if property improved by the erection of a dwelling thereon and the use thereof as a home may be only assessed for debt service on the basis of value before the improvement then non-homestead property improved by the erection of an office building thereon may be only assessed for like debt service on the basis of value before the improvement.

Improvements must be made on real property *cum onere* with reference to taxation.

The decree is reversed and the cause remanded with directions that further proceedings be had not inconsistent with the views herein expressed.

So ordered.

Reversed.

ELLIS, C. J., and TERRELL, BROWN and CHAPMAN, J. J., concur.