### GROVES v. BOARD OF PUBLIC IN-STRUCTION OF MANATEE COUNTY, FLA., et al.

No. 9126.

Circuit Court of Appeals, Fifth Circuit.

Feb. 7, 1940.

Robert J. Pleus, of Orlando, Fla., for appellant.

Hubert Blakey and G. B. Knowles, both of Bradenton, Fla., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

On July 20, 1936, R. S. Groves obtained a judgment in the District Court on certain bonds and warrants issued by the Board of Public Instruction of Manatee County, Florida. The judgment provided that the amount adjudged to be due be paid out of the revenues provided by Section 8, Article XII of the Constitution of the State of Florida.

The judgment was not satisfied and on October 3, 1938, on motion of the plaintiff, the court issued an order to the defendant directing it to show cause why the judgment should not be paid or why the current budget should not be amended to include an appropriation sufficient to pay the the judgment, and why a tax levy should not be made on the current assessment roll of a millage to produce an amount sufficient to pay the said judgment. The Board of Public Instruction filed its return or answer to the order. It admitted that the bonds were payable out of the proceeds of the ten mill levy authorized by Section 8, Article XII of the Florida Constitution. It set up the fact that the first claim against the proceeds of such levy is the current maintenance expenses of the common free schools of the county. It alleged that the full ten mill constitutional levy had been made against all taxable property in the county and that of this levy the Board had allocated two and one-half mills to debt service. The Board asserted that only two and one-half mills could be levied against homestead property in Manatee County since only two and one-half mills

of the constitutional levy against nonexempt property had been allocated to debt service.

Thereafter on November 16, 1938, the plaintiff filed a further motion for order to show cause setting up additional facts. On agreement of the parties the prior proceedings were consolidated, with the proceedings under the later motion. Order to show cause was issued, the taxing authorities filed answer, and the cause came on for final hearing. The court held that a levy of seven and one-half mills was necessary for the support and maintenance of the public free schools of the county, and that under the homestead exemption amendment, Section 7, Article X of the Florida Constitution, homesteads up to the value of $5,000 were exempt from any tax levied for the support of the public free schools. The court ordered that the defendants levy and collect two and one-half mills on all the taxable property in the county, "including homesteads," for the purpose of paying the plaintiff's judgment. From this final judgment entered January 24, 1939, R. S. Groves has appealed.

The bonds and warrants sued on were of two issues: "Manatee County Board of Public Instruction Funding Warrants, Six Per Cent. (6%), dated September 1, 1919; Manatee County School Board Bonds, Six Per Cent. (6%), dated August 15, 1921." These bonds were payable from the funds provided by Section 8, Article XII of the Florida Constitution which provides that each county shall be required to assess and collect "annually for the support of the public free schools therein, a tax of not less than three (3) mills, nor more than ten (10) mills on the dollar on all taxable property in the same." Board of Public Instruction v. Gillespie, 5 Cir., 81 F.2d 586.

The first charge against such funds is the current operating expenses of the schools. The parties agree that a levy of seven and one-half mills on nonexempt property is all that is necessary for the operation and maintenance of the public free schools. The remaining two and one-half mills collected on nonexempt property was allocated by the Board to debt service, and the appellees contend that under Section 1, Article IX of the Florida Constitution, the tax uniformity and equality section, only two and one-half mills can be levied against homesteads for debt service. The levy of two and one-half

mills against all property, including homesteads, will not produce sufficient monies to pay the plaintiff's judgment in full.

When the bonds and warrants in question were issued, homestead property in Florida was taxable under Article XII, Section 8, of the Florida Constitution. The homestead exemption amendment was not ratified until November 6, 1934. Art. 10, § 7. In construing the homestead exemption amendment in connection with bond issue obligations the Supreme Court of Florida has stated the rule of law to be, " * * * the subsequent organic exemption from taxation is legally operative as to all taxation except for the payment of public bonded obligations incurred before the state organic exemption from taxation was adopted * * * ". Long v. St. John, 126 Fla. 1, 170 So. 317, 321, 109 A.L.R. 809.

The fact that the Florida law now exempts homesteads from levies for school operating purposes does not relieve the property from the effect of a pledge made prior to the exemption. To sustain the appellees' contention would be to hold in effect that if operating expenses of the schools increased requiring use of all proceeds of the ten mill constitutional levy on nonexempt property, there could be no levy against homestead property which, admittedly, was taxable when the bonds and warrants were issued. Such construction would violate Section 10, Article 1 of the United States Constitution U.S.C.A., which provides that no State shall pass any law impairing the obligation of contracts. The fund for paying the judgment on the bonds must be realized from a full exercise of the tax power against the property, including homesteads, which was taxable at the time the obligations were incurred. Gray v. Moss, 115 Fla. 701, 156 So. 262; Gray v. Winthrop, 115 Fla. 721, 156 So. 270, 94 A.L.R. 804; State ex rel. Women's Ben. Ass'n v. Port of Palm Beach District, 121 Fla. 746, 164 So. 851; Long v. St. John, 126 Fla. 1, 170 So. 317, 109 A.L.R. 809; Yowell v. Rogers, 128 Fla. 881, 175 So. 772; Board of Public Instruction v. Kennedy, 109 Fla. 153, 147 So. 250; City of Decatur v. Thames Bank & Trust Co., 5 Cir., 84 F.2d 105.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.