DREW, Judge.
In Rivera-Cruz v. Gray and Pope v. Gray (hereinafter called the Rivera-Cruz case), opinion filed July 25, 1958, 104 So.2d 501, this Court held the fourteen resolutions of the extra-ordinary session of the Legislature of 1957 proposing a revision of all of the Florida Constitution except Article V, F.S.A., unconstitutional and therefore invalid because of the manner of presenting such so-called amendments to the Florida electorate.
Two other joint resolutions were involved in the general scheme of revision. One was House Joint Resolution 106-X and the other House Joint Resolution 32-X. The latter proposed an amendment to Section 1 of Article XVII of the Florida Constitution and the former provided for the submission to the electorate of all fourteen amendments involved in the Rivera-Cruz case and the amendment provided in House” Joint Resolution 32-X at the general election to be held in November, 1958. In the Rivera-Cruz case, supra, the validity of the amendment proposed in House Joint Resolution 32-X was not in issue; in that case this Court expressly stated that it made no decision as to its validity.
The case with which we are here concerned presents the question of whether the amendment of Section 1, Article XVII of the Constitution proposed in House Joint Resolution 32-X is unconstitutional and should be ordered stricken from the ballot in the ensuing election. The question is raised in the motion to quash the alternative writ which we have issued.
House Joint Resolution 32-X is a complete and independent proposed constitutional amendment; it is not an integral part of the interlocking proposed constitutional amendments condemned in the Rivera-Cruz case. This fact becomes self-evident when all fifteen resolutions and House Joint Resolution 106-X, supra, are considered to *842 gether. Had this Court not stricken down the fourteen interlocking amendments and had such amendments and the amendment proposed by House Joint Resolution 32-X been submitted to the electors as there provided, the amendment proposed in House Joint Resolution 32-X could lawfully have been adopted by the electors even though the electors rejected one or more or all the other fourteen amendments. The fourteen amendments referred to in the Rivera-Cruz opinion were each dependent upon the other and interlocked in such manner that the rejection of one by the electors amounted to the rejection of all; but this was not true as to the amendment proposed in House Joint Resolution 32-X. It was not tied to the other amendments.
 There is no lawful reason why the electors of this State should not have the right to determine the manner in which the Constitution may be amended. This is the most sanctified area in which a court can exercise power. Sovereignty resides in the people and the electors have a right to approve or reject a proposed amendment to the organic law of the State, limited only by those instances where there is an entire failure to comply with a plain and essential requirement of the organic law in proposing the amendment as demonstrated in the Rivera-Cruz case. That this Court has exhibited great caution throughout its history in this arena is evident from the fact that in only a few instances in the history of this State has this Court enjoined the people in the exercise of this sovereignty. That this amendment, if adopted may conceivably be valid in some respects or under some conditions is manifest on the face of the proposed amendment itself; that is all that is required. Gray v. Moss, 1934, 115 Fla. 701, 156 So. 262; Gray v. Winthrop, 115 Fla. 726, 156 So. 270, 949 L.R.A. 804; Collier v. Gray, 116 Fla. 845, 157 So. 40; Dade County v. Dade County League of Municipalities, Fla., 104 So.2d 512. That part of it may be questionable, ambiguous or inoperative is of no importance.
We have considered the argument with reference to the last paragraph of the proposed amendment in the light of the Court’s opinion in the Rivera-Cruz case. The fact that “the proposed amendment constituting Article XII of the revised Constitution” can never become effective under that opinion in no way affects the right of the electorate to pass upon all of it.
The motion to quash the alternative writ is granted and the cause is dismissed.
TERRELL, C. J., and ROBERTS, THORNAL and O’CONNELL, JJ., concur.