PER CURIAM.
Appellant, Marie Thornton, seeks review of a determination of the trial court finding certain real property of George E. Thornton, deceased, to have been homestead property. George E. Thornton died estate. His will provided that his entire estate was to go to his wife, the appellant, with the exception of a $10.00 bequest to his daughter, Mary Geneva Reigner. At the time of his death, George E. Thornton was seized of a 2.64 acre piece of real property located in the unincorporated area of Dade County. The estate was admitted to probate, at which time the appellant stated she was unable to locate Mary Geneva Reigner. At probate, the aforementioned real property was treated as non-homestead property and eventually all of the deceased’s estate went to the appellant, with the exception of the $10.00 which was paid into the registry of the court. Order of final discharge in the probate proceedings was duly entered.
Many years later, the appellant filed a petition to reopen the estate, requesting determination of whether the aforementioned real property was homestead property rather than commercial. A guardian ad litem was appointed to represent the interest of Mary Geneva Reigner and he answered stating appellee herein had purchased Mary Geneva Reigner’s interest in said property. The appellee was added as a party and he answered, alleging the property was homestead of the decedent at the time of his death. The cause proceeded to final hearing, resulting in the order appealed herein.
The appellant contends the trial court erred in entering the order appealed, on the grounds that at the time of the death of George E. Thornton the said property was not the homestead of the decedent under the constitution and laws of the State of Florida and, assuming that it was, the trial judge erred in construing the whole parcel as having the statutes of homestead when it was admitted that a portion of the property was used for commercial purposes. We affirm.
Taking the evidence in its entirety, with all conflicts and reasonable inferences therefrom resolved in favor of the trial court’s holding, it is apparent that at the time of the death of George E. Thornton the subject property was his homestead. Miami National Bank v. Fink, Fla.App.1965, 174 So.2d 38; Weiss v. Stone, Fla.App. 1969, 220 So.2d 403; Metropolitan Dade County v. Lucas, Fla.App. 1969, 228 So.2d 292. Further, the property being in the unincorporated area, the limitations on the extent of homestead relating to property within an incorporated area[1] are not applicable to property in a rural area. Armour & Company v. Hulvey, 73 Fla. 294, *762 74 So. 212; Fort v. Rigdon, 100 Fla. 398, 129 So. 847; Yowell v. Rogers, 128 Fla. 881, 175 So. 772.
Therefore, for the reasons stated, the order under review be and it is hereby affirmed.
Affirmed.

. The constitutional provision applicable to this matter at this time was Art. 10, See. 1, Constitution of the State of Florida, 1885, which provided as follows: “ * * * The exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner; and no judgment or decree or execution shall be a lien upon exempted property except as provided in this Article.” It is noted that in the 1968 Revision of the Constitution, this limitation as to business house was omitted. See: Art. 10, See. 4(a) (1), Constitution of the State of Florida, 1968.