422 So.2d 303 (1982)
Douglas L. GROSE, Thomas P. Fox, and Committee for Constitutional Education, Appellants,
v.
George FIRESTONE, Secretary of State, and Dorothy Glisson, Deputy Secretary of State for Elections, Appellees.
No. 62796.
Supreme Court of Florida.
November 1, 1982.
Thomas P. Fox, and Douglas Leon Grose of Anderson, Thorne, Grose & Quesada, Tampa, for appellants.
Jim Smith, Atty. Gen., and Eric J. Taylor, Asst. Atty. Gen., Tallahassee, for appellees.
Arthur I. Jacobs, Fernandina Beach, and Raymond L. Marky, Tallahassee, for Florida Pros. Attys. Ass'n, Florida Police Chiefs Ass'n, Fraternal Order of Police and IMPACT, appellees-intervenors.
Ronald A. Labasky of Madigan, Parker, Gatline, Swedmark & Skelding, Tallahassee, for Florida Sheriffs Ass'n, amicus curiae.
ALDERMAN, Chief Justice.
This cause has been certified to us by the District Court of Appeal, First District, pursuant to article V, section 3(b)(5), Florida Constitution. Since this is a matter of great public importance requiring immediate resolution, we accept jurisdiction to review the judgment of the circuit court which holds that there is no constitutional or statutory impairment which would warrant interference with the submission to the voters of Amendment 2 on the ballot of the November 2, 1982, election. We agree with the trial court and affirm its judgment.
Amendment 2 is a proposed amendment to article I, section 12, Florida Constitution, relating to the right to be free from unreasonable searches and seizures. On June 24, 1982, House Joint Resolution No. 31-H was filed in the office of the Secretary of State. This Resolution provides:
A joint resolution proposing an amendment to Section 12, Article I of the State Constitution, relating to searches and seizures, to provide a rule of construction and to limit the exclusion of evidence.
Be It Resolved by the Legislature of the State of Florida:
That the following amendment to Section 12 of Article I of the State Constitution *304 is hereby agreed to and shall be submitted to the electors of this state for approval or rejection at the general election to be held in November 1982.
ARTICLE I
DECLARATION OF RIGHTS
SECTION 12. Searches and seizures.  The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.

BE IT FURTHER RESOLVED that the following statement be placed on the ballot:
CONSTITUTIONAL AMENDMENT
ARTICLE I, SECTION 12
SEARCHES AND SEIZURES.  Proposing an amendment to the State Constitution to provide that the right to be free from unreasonable searches and seizures shall be construed in conformity with the 4th Amendment to the United States Constitution and to provide that illegally seized articles or information are inadmissible if decisions of the United States Supreme Court make such evidence inadmissible.
Appellants initiated this challenge to Amendment 2 on October 22, 1982, by the filing of a petition for injunctive relief seeking to enjoin George Firestone, as the Secretary of State, and Dorothy Glisson, as Deputy Secretary for Elections, from placing the proposed amendment on the November 2, 1982, ballot. On October 26, 1982, an amended petition was filed requesting injunctive and declaratory relief.
After hearing arguments for appellants and appellees and arguments of amicus curiae on behalf of the Florida Prosecuting Attorneys Association, the Florida Police Chiefs Association, the Fraternal Order of Police and Independent Minded People Against Crime Today, and the Florida Sheriffs Association, the trial court, in a succinct order, denied the petition for preliminary injunction and dismissed the amended petition with prejudice.
Appellants appealed to the District Court of Appeal, First District, but requested that the district court certify the judgment to us for immediate resolution.
Appellants initially contend that the trial court erred in not granting their request for preliminary injunction since the ballot summary of the proposed amendment is misleading and does not fully advise the electors of the effect of the amendment. Appellants submit that although the chief purpose of the joint resolution proposing the amendment is to provide a rule of construction and to limit the exclusion of evidence in criminal cases, the ballot summary only discloses that the state constitution is to be amended to provide that article I, section 12, is to be construed in conformity with the fourth amendment to the United States Constitution as interpreted by the Supreme Court of the United States. Appellants suggest that the ballot summary fails to disclose or put voters on notice of the total effect of this amendment. We disagree with appellants and hold that the ballot summary clearly and unambiguously gives voters notice of the effect of this amendment.
Section 101.161, Florida Statutes (1981), which sets out the prerequisites for submission *305 of a constitutional amendment or other public measure to the vote of the people, states in pertinent part:
Whenever a constitutional amendment or other public measure is submitted to the vote of the people, the substance of such amendment or other public measure shall be printed in clear and unambiguous language on the ballot... . The wording of the substance of the amendment or other public measure and the ballot title to appear on the ballot shall be embodied in the joint resolution... . The substance of the amendment or other public measure shall be an explanatory statement, not exceeding 75 words in length, of the chief purpose of the measure. The ballot title shall consist of a caption, not exceeding 15 words in length, by which the measure is commonly referred to or spoken of... .
Recently in Askew v. Firestone, 421 So.2d 151 (Fla. 1982), we said that the purpose of section 101.161 is to assure that the electorate is advised of the meaning and ramifications of the amendment. We said:
The requirement for proposed constitutional amendment ballots is the same as for all ballots, i.e.,
that the voter should not be misled and that he have an opportunity to know and be on notice as to the proposition on which he is to cast his vote. .. . All that the Constitution requires or that the law compels or ought to compel is that the voter have notice of that which he must decide... . What the law requires is that the ballot be fair and advise the voter sufficiently to enable him intelligently to cast his ballot.

Hill v. Milander, 72 So.2d 796, 798 (Fla. 1954) (emphasis supplied).
Simply put, the ballot must give the voter fair notice of the decision he must make. Miami Dolphins, Ltd. v. Metropolitan Dade County, 394 So.2d 981 (Fla. 1981)... .
Id., at p. 155.
The wording of the ballot summary of proposed Amendment 2 is unambiguous and clearly states the amendment's chief purpose. The purpose of the amendment is to assure that article I, section 12 of the Florida Constitution, is read in conformity with the fourth amendment to the United States Constitution as interpreted by the Supreme Court of the United States and that any evidence found inadmissible by that Court would be inadmissible in this state. There are no hidden meanings and no deceptive phrases. The summary says just what the amendment purports to do. It gives the public fair notice of the meaning and effect of the proposed amendment.
Appellants effectually seek an exhaustive explanation reflecting their interpretation of the amendment and its possible future effects. To satisfy their request would require a lengthy history and analysis of the law of search and seizure and the exclusionary rule. Inclusion of all possible effects, however, is not required in the ballot summary. Smathers v. Smith, 338 So.2d 825 (Fla. 1976). The ballot summary of Amendment 2 clearly states the chief purpose of this amendment and provides the electorate with fair notice of the intent of the amendment. This ballot summary complies with all the requirements of the law.
On several occasions this Court has removed an amendment from the ballot because the measure was clearly and conclusively defective. Examples are Askew v. Firestone, ballot summary misleading; Adams v. Gunter, 238 So.2d 824 (Fla. 1970), proposed amendment would improperly alter more than one section of the constitution; Rivera-Cruz v. Gray, 104 So.2d 501 (Fla. 1958), "daisy chain" method of amendment improper; Coral Gables v. Gray, 154 Fla. 881, 19 So.2d 318 (1944), proposed amendment improperly related to more than one subject; Gray v. Moss, 115 Fla. 701, 156 So. 262 (1934), proposed amendment not properly passed by both houses of the legislature; Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963 (1912), amendment not proposed by the requisite vote of each house of the legislature. None of these factual situations exist in this case.
*306 Appellants' argument that the substance of the amendment is unconstitutional is not a justiciable issue in this case and may be raised in an appropriate proceeding in due course when the issue is properly presented. Gray v. Winthrop, 115 Fla. 721, 156 So. 270 (1934); Gray v. Moss.
Accordingly, finding no merit to appellants' arguments, we affirm. No petition for rehearing will be permitted.
It is so ordered.
BOYD, OVERTON, McDONALD and EHRLICH, JJ., concur.
ADKINS, J., concurs with an opinion, with which OVERTON, J., concurs.
ADKINS, Justice, concurring.
Unlike the situation that existed in Askew v. Firestone, 421 So.2d 151 (Fla. 1982), the ballot summary here does not imply it is doing one thing, when, in fact, it is doing the opposite. The ballot summary of the proposed amendment in question is not misleading and thus the Askew decision does not apply.
Appellants have also tried to argue that the proposed amendment is unconstitutional. No judgment may be made by this Court on the wisdom of the proposed measure and the trial court was correct in refusing to examine the measure on this basis.
The trial judge could have dismissed this case upon the grounds of laches. The house joint resolution was filed with the office of the secretary of state on June 24, 1982. No action was taken by the appellants until October 22, 1982, a mere eleven days before the November 2, 1982, election. No reason has been given for the delay. Appellees, relying on no challenge to the proposed amendment, ordered the ballot printed, mailed out ballots to absentee voters, and have spent public money to insure proper ballots to all the electorate. At this date, there is no physical way to stop the ballot-printing process prior to election and still have a smooth running election. All of the facts presented by appellants were known on or immediately after June 24, 1982. The record of the legislation has been public and there has been no fraud or concealment of any facts by the appellees. The case of the appellants is barred by reason of laches.
OVERTON, J., concurs.