Mr. Robert R. Dempsey Commissioner Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302
Dear Mr. Dempsey:
This is in response to your request for an opinion on the following question:
 IN LIGHT OF THE RECENT AMENDMENT TO ARTICLE I, SECTION 12 OF THE FLORIDA CONSTITUTION, AND RECOGNIZING THAT STATE V. SARMIENTO HAS NOT BEEN OVERRULED ARE SARMIENTO INTERCEPT WARRANTS STILL REQUIRED FOR INTERCEPTIONS OF ORAL COMMUNICATIONS IN A SUSPECT'S HOME?
For the reasons stated hereinafter, the answer to your question is in the negative.
As you are undoubtedly aware the Florida Supreme Court in State v. Sarmiento, 397 So.2d 643 (Fla. 1981) held that under Art. I, s 12, State Const. 1968, the warrantless interception of an oral communication within a person's home without his knowledge or consent was unconstitutional. The court further held that to the extent that s 934.03(2)(c), F.S. 1977, authorized warrantless interceptions where one of the parties to the communication has given prior consent that statutory provision was unconstitutional under the Florida Constitution.
In response to Justice Alderman's dissenting opinion, in which Justice Boyd joined, wherein he pointed out the interception in question was valid under decisions rendered by the United States Supreme Court, the majority stated:
 Our colleague continues that the United States Supreme Court has held that the Federal Constitution permits the type of electronic interception found here. But surely he would concede that the citizens of Florida, through their state constitution, may provide themselves with more protection from governmental intrusion than that afforded by the United States Constitution.
397 So.2d at 645.
The Supreme Court subsequently followed Sarmiento in slightly different factual contexts. Hoberman v. State, 400 So.2d 758
(Fla. 1981) and Odom v. State, 403 So.2d 936 (Fla. 1981). As a result of these rulings and their impact upon the ability of law enforcement to detect, apprehend and successfully prosecute those engaged in drug trafficking and other crimes involving highly secretive transactions, the Governor, many members of the Florida Legislature, law enforcement officials and I proposed that Art. I, s 12 be amended so as to permit warrantless electronic interceptions that conformed with the requirements of United States Constitution.
Ultimately, House Joint Resolution No. 31-H was enacted by the Legislature and submitted to the electorate on the ballot of the November 2, 1982 election. It was approved by the voters, and became effective as an amendment to the Constitution on Monday, January 3, 1983. Article XI, s 5(c), State Const. 1968. Article I, s 12 now provides that:
 Searches and seizures. — The right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures, and against the unreasonable interception of private communications by any means, shall not be violated. No warrant shall be issued except upon probable cause, supported by affidavit, particularly describing the place or places to be searched, the person or persons, thing or things to be seized, the communication to be intercepted, and the nature of evidence to be obtained. This right shall be construed in conformity with the 4th Amendment to the United States Constitution, as interpreted by the United States Supreme Court. Articles or information obtained in violation of this right shall not be admissible in evidence if such articles or information would be inadmissible under decisions of the United States Supreme Court construing the 4th Amendment to the United States Constitution.
In Grose v. Firestone, 422 So.2d 303 (Fla. 1982), the Supreme Court of Florida, in refusing to remove the proposed amendment from the ballot correctly stated that "[t]he purpose of the amendment is to assure that article I, section 12 of the Florida Constitution, is read in conformity with the fourth amendment to the United States Constitution as interpreted by the Supreme Court of the United States . . . ." 422 So.2d at 305. Moreover, the Court concluded the ballot summary gave the public fair notice of the meaning and effect of the proposed amendment.
It is readily apparent that if a warrantless interception of an oral communication with the consent of a party to the conversation is not violative of the Fourth Amendment as construed by the United States Supreme Court it does not violate Art. I, s 12, State Const., 1982, as amended, and the evidence derived therefrom is admissible in evidence in a criminal proceeding, Sarmiento to the contrary notwithstanding.
In Odom v. State, supra, the Florida Supreme Court held the electronically recorded conversation, without a warrant or intercept order, in the defendant's home was illegally obtained under the Florida Constitution and the authority of Sarmiento. The Court, however, clearly and unmistakably held the interception did not violate the Fourth Amendment as interpreted by the Supreme Court of the United States. The Supreme Court of Florida, in rejecting the appellant's Fourth Amendment claim, stated:
 Having heard the appellant voluntarily make statements of an incriminating nature concerning his participation in the crime, Jones clearly could have testified from memory about the content of the statements. The Fourth Amendment does not protect a person from the possibility that one in whom he confides will violate the confidence. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966). If this is so, then there is no bar under the United States Constitution to the introduction of more reliable and perhaps more credible evidence — recordings made by the informer or agent to whom the statements are made. United States v. Caceres, 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979); United States v. White, 401 U.S. 745, 91 S.Ct. 1122, 28 L.Ed.2d 453
(1971); Lopez v. United States, 373 U.S. 427, 83 S.Ct. 1381, 10 L.Ed.2d 462 (1963).
403 So.2d at 939.
Odom makes it evident that activity which was illegal under Sarmiento was not illegal under the Fourth Amendment as construed by the United States Supreme Court. Therefore, such activity does not violate Art. I, s 12, State Const., as amended. In other words, the holding in Sarmiento is no longer applicable to interceptions of oral communications and if a party to a conversation consents to an interception pursuant to s934.03(2)(c), F.S. 1977, a warrant or intercept order is not required. See, State v. Scott, 385 So.2d 1044 (1 D.C.A.Fla., 1980) and the cases cited therein.
In summary, it is my opinion that law enforcement authorities may electronically intercept and record an oral communication without obtaining a warrant or intercept order providing they have the consent of a party to the conversation as required by s934.03(2)(c), and that evidence obtained pursuant thereto is admissible in evidence in a criminal proceeding.
Sincerely,
Jim Smith, Attorney General
Prepared by: Raymond L. Marky, Assistant Attorney General