728 So.2d 347 (1999)
CITY OF PEMBROKE PINES, Appellant,
v.
William Phil McCONAGHEY, Appellee.
No. 98-0764.
District Court of Appeal of Florida, Fourth District.
March 17, 1999.
*348 Robert L. Nabors, Gregory T. Stewart, and Virginia Saunders Delegal of Nabors, Giblin & Nickerson, P.A., Tallahassee, and Samuel S. Goren, Kerry L. Ezrol, and Michael D. Cirullo, Jr. of Josias, Goren, Cherof, Doody & Ezrol, P.A., Fort Lauderdale, for appellant.
William Phil McConaghey, Pembroke Pines, pro se.
Harry Morrison, Jr., Tallahassee, for amicus curiae-Florida League of Cities, Inc.
Donald J. Doody, Fort Lauderdale, for amicus curiae-Broward County League of Cities, Inc.
Susan H. Churuti, Clearwater, for amicus curiae-Florida Association of County Attorneys, Inc.
William J. Roberts, Tallahassee, for amicus curiae-Florida Association of Counties.
John J. Copelan, Jr., County Attorney, Anthony C. Musto, Chief Appellate Counsel, and Tamara M. Scrudders, Assistant County Attorney, Fort Lauderdale, for amicus curiae-Broward County.
Stuart H. Sobel and Oscar R. Rivera of Siegfried, Rivera, Lerner, De La Torre & Sobel, P.A., Coral Gables, for amicus curiae-International Council of Shopping Centers.
BROWN, LUCY CHERNOW, Associate Judge.
At issue in this case is whether the City of Pembroke Pines' (City) Consolidated Fire Rescue Special Assessment provided a special benefit to the real property subject to that assessment. The trial court, on stipulated facts, determined as a matter of law that it did not, and entered final judgment in favor of the appellee, declaring the assessment invalid. We disagree because the trial court erroneously interpreted and applied the Florida Supreme Court's holding in Lake County v. Water Oak Management Corp., 695 So.2d 667 (Fla.1997), a case we now hold settled this issue in favor of the city. Accordingly, we reverse and remand for further proceedings.

FACTS
The city established Pembroke Pines Special Assessment District No. 96-1, to fund its *349 integrated fire rescue and emergency medical services program. City ordinance number 1174 provided in pertinent part:
[T]he purpose of this Ordinance is to (1) provide procedures and standards for the imposition of city-wide Fire Rescue Assessments under the general home rule powers of a municipality to impose special assessment; (2) authorize a procedure for funding of fire rescue services, facilities, or programs providing special benefits to property within the City; and legislatively determine the special benefits provided to Assessed Property from the provision of combined fire control and emergency medical services by the City under its Consolidated Fire Rescue Program.
Ordinance number 1174, which included legislative determinations of special benefit, as well as an apportionment methodology, was approved, as were various related resolutions permitting the imposition of the special assessment.
The appellee, an individual homeowner, challenged the special assessment, filing a complaint for declaratory relief solely on his own behalf as a Pembroke Pines resident whose homestead property was subject to the assessment. In his complaint, Appellee sought a declaration that the special assessment was invalid; he did not seek a refund. The procedural aspect of the imposition of the special assessment and notice thereof were not challenged. Appellee and the city entered into a joint stipulation of facts which they submitted to the trial court with exhibits. The parties agreed that the city operates an integrated fire rescue department. The same personnel who provide fire fighting service are also either paramedics or emergency medical technicians. Each residential unit was assessed $74.98 for the combined fire rescue services for the fiscal year 1996-1997. The special assessment funds provided approximately 34% of the integrated fire rescue services budget. The remainder was financed by other revenues of the city including ad valorem taxes. The parties further agreed that the provision of the emergency medical services component of the consolidated fire rescue services had no impact on the city's insurance services office rating.
After scrutinizing the stipulated facts and exhibits and considering argument of counsel for the city, and of Appellee on his own behalf, the trial court entered a final judgment which invalidated the special assessment. The trial judge concluded that the provision of emergency services provided no special benefit to the property. On post-trial motions, the trial judge considered and rejected the city's emergency ordinance number 1233, which had been adopted in response to the final judgment. The trial court declined to reverse its previously entered final judgment and further went on to order the city to issue a refund to all property owners who had paid the assessment. This appeal followed.

ANALYSIS
The City of Pembroke Pines, a municipal corporation of the State of Florida, is authorized by Article VIII, Section 2, of the Florida Constitution, and section 166.021, Florida Statutes (1995), to impose special assessments against real property. In this case, the city exercised its home rule powers in adopting ordinance number 1174 to impose city-wide fire rescue assessments. Real property with a homestead exemption is exempt from tax to the extent of the homestead exemption; however, a special assessment may be levied against homestead property regardless of the exemption. Whisnant v. Stringfellow, 50 So.2d 885 (Fla.1951). Appellee argues the fire rescue assessment is, in fact, an unconstitutional tax on his homestead property in violation of the Florida Constitution.
In Sarasota County v. Sarasota Church of Christ, Inc., 667 So.2d 180 (Fla.1995), our supreme court distinguished between a special assessment and a tax, citing City of Boca Raton v. State, 595 So.2d 25 (Fla.1992). The court explained that taxes are levied for the general benefit premised on the theory that the community at large must support functions of government even if the result is that many citizens pay taxes to support particular government functions for which they may receive no individual direct benefit. On the other hand, "special assessments must confer a special benefit on the land burdened by the *350 assessment and are imposed under the theory that the portion of the community that bears the cost of the assessment will receive a special benefit from the improvement or service for which the assessment is levied." Sarasota County, 667 So.2d at 183 (citations omitted). The court further held that a special assessment conferring such a special benefit may be levied throughout the community as a whole. In the case at bar, the special assessment was imposed on a city-wide basis.
The review to determine the validity of a special assessment is a two-prong test: (1) whether the services at issue provide a special benefit to the assessed property; and (2) whether the assessment is properly apportioned. Lake County, 695 So.2d at 669. In Lake County, the county had approved the imposition of a special assessment for solid waste disposal and fire protection services. The services provided under the umbrella of fire protection services included:
Fire suppression activities, first response medical aid, educational programs and inspection. The medical response teams stabilize patients and provide them with initial medical care. The fire department responds to automobile and other accident scenes and is involved in civil defense. Fire services are provided to all individuals and property involved in such incidents.
695 So.2d at 668-69 (emphasis added).
The trial court approved the assessment; the district court affirmed as to the solid waste disposal services, but reversed as to the fire protection services holding that the services provided no special benefit to the property because
[E]very piece of real property, personal property and every person in unincorporated Lake County has access to the same basic garden variety Lake County fire protection services. The "special assessment" merely funds an undifferentiated service for the county in general and is designed to reduce costs of this service that would otherwise come from general revenue funded by ad valorem taxes.
Water Oak Management Corp. v. Lake County, 673 So.2d 135, 138 (Fla. 5th DCA 1996).
Essentially, the Fifth District's analysis mirrors that of Appellee and of the trial court in the instant case, i.e. an examination of whether the service benefits all the people in the county as opposed to only the real property burdened with the assessment.
This analysis was specifically rejected by the supreme court when it reversed the holding of the Fifth District. In the Lake County opinion, the supreme court explains:
In evaluating whether a special benefit is conferred to property by the services for which the assessment is imposed, the test is not whether the services confer a "unique" benefit or are different in type or degree from the benefit provided to the community as a whole, rather, the test is whether there is a "logical relationship" between the services provided and the benefit to the property.
695 So.2d at 669 (citations omitted, fn.1).
The supreme court determined a "logical relationship" existed between the Lake County integrated fire protection services and the benefit to the real property, in that integrated fire protection services provide, at a minimum, for lower insurance premiums and enhanced value of the property.
In determining whether a special assessment benefits property, courts are required to give deference to the taxing authority's legislative determination as to the existence of a special benefit. The legislative determination as to the existence of special benefits must be upheld unless the determination is "palpably arbitrary." Sarasota County, 667 So.2d at 184. See also Fire Dist. No. 1 of Polk County v. Jenkins, 221 So.2d 740, 742 (Fla.1969) ("[S]uch determinations will not be disturbed by the courts, unless an abuse of power or purely arbitrary and oppressive action is clearly shown....").
This court has held that "assessments of this type are presumed to be correct and the burden is on those contesting the assessments to establish their invalidity." City of Hallandale v. Meekins, 237 So.2d 318, 320 (Fla. 4th DCA 1970).

*351 THE SPECIAL ASSESSMENT
In the case at bar, the city legislatively determined the benefit to the property in ordinance number 1174, specifically finding that the existing consolidated fire rescue program benefits improved property within the city by protecting the value of the improvements and structures, protecting the life and safety of the occupants, lowering the cost of the fire insurance, containing the spread of fire incidents occurring on vacant property with potential to spread and endanger structures and occupants of improved property, and enhancing the value and use and enjoyment of improved property within the city. The trial court in this case did not find that the city's legislative determination of special benefit was arbitrary. We find, as a matter of law, that it was not.
In Lake County, the supreme court, faced with almost identical facts, considered the variety of services consolidated into fire protection services and viewed fire protection services as a single entity. We find no legal authority for analyzing each particular item funded within the fire protection services budget separately to determine if each individual item survives the special benefit test. In this case, the trial court erred by dissecting the services funded by the special assessment and then invalidating the entire special assessment based on a finding that one particular element of the fire protection services failed to satisfy the special benefit test of Lake County. We find the trial court's piecemeal review of the special assessment at bar was contrary to the precedent set by the supreme court in Lake County. Because we find Lake County to be controlling, we reverse the final judgment and remand with directions for the trial court to find that prong one of the Lake County test has been met and to determine whether the assessment for services is properly apportioned, pursuant to the second prong of the test.
Further, if, on remand, the assessment is found invalid based on prong two of the test, the trial court should hold an evidentiary hearing to determine an appropriate remedy for the individual property owner challenging the assessment. Because the complaint for declaratory action was filed on behalf of Appellee as an individual only, and not a class, relief must be limited to the individual Appellee only.
POLEN and STEVENSON, JJ., concur.