890 So.2d 525 (2005)
QUIETWATER ENTERTAINMENT, INC., Fred Simmons, Michael A. Guerra, June B. Guerra, Was, Inc., and Sandpipergulf Aire Inn, Inc., Appellants,
v.
ESCAMBIA COUNTY, Florida, Appellee.
No. 1D03-4396.
District Court of Appeal of Florida, First District.
January 5, 2005.
*526 Thomas J. Gilliam, Jr. and Danny L. Kepner of Shell, Fleming, Davis & Menge, P.A., Pensacola, for Appellants.
Charles V. Peppler, Chief Litigation Attorney, Escambia County Attorney's Office, Pensacola, for Appellee.
VAN NORTWICK, J.
Quietwater Entertainment, Inc., Fred Simmons, Michael A. Guerra, June B. Guerra, WAS Inc. and Sandpiper-Gulf Aire Inn, Inc., appeal a final summary judgment in their declaratory judgment action in which they sought to have declared invalid special assessments for law enforcement and mosquito control services imposed by Escambia County, appellee, on leaseholds on Santa Rosa Island held by appellants. For the reasons that follow, we affirm.
The essential facts are not in dispute. Escambia County is the fee simple owner of the subject land on Santa Rosa Island pursuant to a grant from the federal government. By such grant, the County is permitted to lease this property for public purposes and has leased portions of the island to residential and commercial leaseholders, including appellants. The lease fees paid by the leaseholders do not become a part of the general fund of Escambia County, but are collected by the Santa Rosa Island Authority (SRIA). See chapter 24500, Laws of Florida (1947). SRIA provides certain governmental functions, but not law enforcement or mosquito control. In 1989, the subject special assessment was enacted by County Ordinance 89-11 and codified in the Escambia County Code of Ordinances. See §§ 46-201 to 46-218, Escambia County Code of Ordinances. The ordinance established a Municipal Services Benefit Unit (MSBU) covering those areas of the Santa Rosa Island owned by the County. See id. at § 46-205. The ordinance provided that the assessed services were for special law enforcement protection and mosquito control within the MSBU. See id. at § 46-218(a) and (b). The ordinance includes legislative findings by the Escambia County Commission that the Island leaseholds are "uniquely classified real property interests," id. at § 46-204(3), and that the assessed services "provided pursuant to this article [do] constitute a benefit to residential and commercial leaseholds within the [MSBU]." Id. at § 46-204(5).
*527 In Lake County v. Water Oak Management Corp., 695 So.2d 667, 669 (Fla.1997), the Supreme Court set forth a two-prong test for determining the validity of a special assessment:
In reviewing a special assessment, a two-prong test must be addressed: (1) whether the services at issue provide a special benefit to the assessed property; and (2) whether the assessment for the services is properly apportioned.
Appellants argued below and argue on appeal that the special assessments here are invalid because the assessments did not confer a special benefit on the appellants' property. As a general rule, law enforcement services have been found not to provide a special benefit to real property because they involve "services ... required for an organized society" and "there is no logical relationship between the services provided and the benefit to real property." Id. at 670; see also Collier County v. State, 733 So.2d 1012, 1019 (Fla.1999)(Interim Government Services Fee provides no direct benefit to the property because the services "are the same general police-power services provided to all County residents."); City of North Lauderdale v. SMM Properties, Inc., 825 So.2d 343 (Fla.2002); Donnelly v. Marion County, 851 So.2d 256 (Fla. 5th DCA 2003).
In analyzing whether the special assessment benefits property
courts are required to give deference to the taxing authority's legislative determination as to the existence of a special benefit. The legislative determination as to the existence of special benefits must be upheld unless the determination is "palpably arbitrary."
City of Pembroke Pines v. McConaghey, 728 So.2d 347, 350 (Fla. 4th DCA 1999); see also Sarasota County v. Sarasota Church of Christ, 667 So.2d 180, 184 (Fla.1995); compare City of North Lauderdale, 825 So.2d at 348 (holding that the City's findings of special benefit were not supported by the record).
In each of the above cases, the real properties subject to the special assessment were also subject to ad valorem taxation. The subject leaseholds here, however, escape ad valorem taxation. See Bell v. Bryan, 505 So.2d 690 (Fla. 1st DCA 1987). Further, the competent substantial record evidence supports the county commission's legislative findings of benefit to the subject leaseholds. See City of North Lauderdale, 825 So.2d at 348. The leaseholds are located on an island which the undisputed facts in the record reflect has unique tourist and crowd control needs requiring specialized law enforcement services to protect the value of the leasehold property on the island and is subject to mosquito infestation requiring mosquito control services enhancing the habitation of the island and the value of the leaseholds. Given the record before us, we cannot say that the County Commission's legislative findings of special benefit are palpably arbitrary. Accordingly, we agree with the trial court that, given the unique nature and needs of the subject leaseholds, the special assessments are not invalid, see Williams v. Escambia County, 725 So.2d 392 (Fla. 1st DCA 1998), and we affirm the judgment on appeal.
AFFIRMED.
DAVIS, J., concurs and HAWKES, J., dissents with written Opinion.
HAWKES, J., dissenting,
I dissent. The Florida Supreme Court has expressly stated general law enforcement, unlike fire protection services, provides no direct, special benefit to real property, and may not be the subject of a special assessment. See Lake County v. *528 Water Oak Mgmt. Corp., 695 So.2d 667, 670 (Fla.1997); Collier County v. State, 733 So.2d 1012, 1017-1018 (Fla.1999). Additionally, the Fifth District's decision in Donnelly v. Marion County, 851 So.2d 256 (Fla. 5th DCA 2003), serves as persuasive authority that even "enhanced" law enforcement services do not directly benefit the property being burdened, despite expert testimony that enhanced law enforcement generally renders real property more valuable and marketable. See id. at 264-265. This court's opinion in Williams v. Escambia County, 725 So.2d 392 (Fla. 1st DCA 1998), which holds a special assessment may be imposed for police protection, fails to mention Water Oak, and was decided before Collier County. Because we are bound to follow the precedent of the Florida Supreme Court, the case should be reversed.